## No. 10,834.

### CARONDELET CANAL NAVIGATION COMPANY vs. CITY OF NEW ORLEANS.

Our former decree in dismissing this appeal was based upon the fact that it appeared from the record that the judgment appealed from was unsigned, was correct; but under the showing now made that the judgment had been duly signed and that the omission from the record of the signed judgment was an error of the clerk which had escaped the notice of the city's counsel, the public interests represented by the city justify us, under precedents of this court, in extending a more liberal relief than could be claimed by merely private litigants.

Canal Co. vs. City.

The Carondelet Canal Navigation Company was exempted from taxation by an amendment to its charter, approved March 10, 1858.
The immunity was not repealed by Act 207 of the Constitution of 1879.
The public benefit anticipated from the corporation is sufficient consideration for the exemption; none other need be shown.
The plaintiff admits ownership on the part of the State.
The property being a constituent part of the canal, incident thereto, and serving the purpose of the company in maintaining its navigation, is exempt from taxation.

A PEAL from the Civil District Court for the Parish of Orleans.
Voorhies, J.

*Chas Louque* for Plaintiff and Appellee.

*W. B. Sommerville*, Assistant City Attorney, and *Carleton Hunt*, City Attorney, for Defendant and Appellant.

The opinion of the court was delivered by

BREAUX, J. Plaintiff sued out an injunction claiming exemption from taxation on the property described in the petition.

. The defendant presented the plea of general denial.

The case was tried.

The judgment appealed from making the injunction perpetual and decreeing the exemption of the property is not signed, nor is there any evidence that it has been actually signed. It was intended to be definitive, and to decide all the points in controversy.

A judgment is incomplete until signed.

That it may be appealed from it must be signed. Bertrand Saloy vs. Collins, 30 An. 63; Jacob vs. Preston, 31 An. 514.

The court will notice *ex officio* that the judgment is not signed. Chartier vs. Police Jury, 9 An. 42.

Appeal is dismissed at defendant's costs.

ON APPLICATION FOR REHEARING.

FENNER, J. Finding, on the face of the record, that the judgment appealed from had not been signed, we only followed the settled precedents of this court in dismissing the appeal, and no one can question the correctness of our action.

Now, however, the City of New Orleans shows, under *certiorari*,

that the judgment was regularly rendered and signed in the lower court, that the clerk, in making up the transcript, had erroneously copied only the judgment entered on the minutes instead of the signed judgment, and that the counsel of the city, misled by the complete certificate of the clerk, had, through inadvertence, omitted to notice the defect. Were ordinary litigants and private interests alone concerned, it would doubtless be too late to obtain relief; but we can not permit the public interests represented by the City of New Orleans to suffer injury by such an inadvertence of counsel. Precedents justify us in extending such protection to municipal corporations with a more liberal allowance than in the case of private litigants. 1 An. 215; 3 An. 230; 4 An. 180, 352; 7 An. 495.

It is therefore ordered that a rehearing be granted, and acting thereon, that our former decree herein be set aside, and that the case be reinstated, under submission, for decision in due course, on the merits.

### ON THE MERITS.

BREAUX, J. Certain property fronting on Bayou St. John, near its mouth, was assessed for the year 1888, as the property of the plaintiff company.

It is described as a lot of ground, near the mouth of Bayou St. John, on its east bank, measuring 188 feet front on the bayou by 540 in depth.

The collection of the tax was being enforced by seizure and sale, when an injunction was sued out on the grounds that plaintiffs are the lessees of the said property, and are entitled to the franchises of its predecessor, the Orleans Navigation Company, and that the property being owned by the State will revert to the State at the expiration of its charter, and that by Sec. 9 of Act 74 of 1858 the canal is exempt from taxation.

The court maintained plaintiff's injunction.

From the judgment the defendant appeals.

The Bayou St. John was a natural stream, and Canal Carondelet was known as the work of the Spanish governor whose name it bears.

As public property it became a part of the public domain at the cession of Louisiana.

In 1805 the territorial legislature incorporated the "Orleans Navigation Company," and made it the duty, and gave the authority to

that company, to improve the canal and bayou. The company was authorized to buy and hold other property.

The company having violated its charter by not complying with its conditions was dissolved. State vs. N. O. Navigation Co., 7 An. 680.

The New Orleans Canal and Navigation Company, its successor, having failed to comply with its obligations, the present company, the Carondelet Canal and Navigation Company, was incorporated (Act No. 160 of 1857), and the New Orleans Canal and Navigation Company transferred to it all its interests, including the lot of ground seized in this case.

The said act limited the duration of the charter to twenty-five years, and provided that the State might, at the expiration of that term, become the owner on paying to the corporation for its improvements and other property which the plaintiff company has the enjoyment. In the event of an extension of twenty-five years, the State reserved the right, without compensation, of becoming the absolute owner of the said property. Another act was passed in 1858, the corporate succession was extended fifty years from that time, and the property it is provided, is to revert to the State on due compensation.

Certain privileges and immunities were granted to the company, among them exemption from taxation until the expiration of the charter.

The land on which taxes is claimed, plaintiff admits in its petition and in its brief, belongs to the State. It was donated by Congress on April 18, 1814.

The act exempting the plaintiff has not been repealed.

The case falls within the doctrine laid down in 8 Wallace, 430, and 105 U. S. 362.

Act 74 of 1858 amends and is a component part of Act 160 of 1857.

The act of exemption establishes a consideration.

In several decisions the benefits to accrue to the community are specifically set forth. 11 M. 434.

In one of the decisions it is even found that an additional harbor has been created. 29 An. 434.

Benefits anticipated from the corporation are sufficient consideration for the exemption; none other need be shown.. Cooley on Taxation, p. 54.

It is contended that the property can not be regarded as within the exemption.

That the Legislature intended to exempt only the property for the improvement of the bayou as a navigable waterway, and no other. The admission for the trial states that the property is situated on "the right-hand side of the Carondelet canal and that the same is improved. That the improvements consist of a house rented for a restaurant to third persons, and the other improvements are used by the canal for the storage of their utensils."

In the case heretofore decided with reference to exempting this company, the court says:

"The legislative intent was clearly to exonerate the property of the company represented by its stock and the machinery used for the contemplated improvement of the canal and bayou." 36 An. 396.

The machinery being exempt, the place on the banks of the stream selected to store it and other materials, to protect them from loss and decay, is also exempt. That buildings of some sort are required can not be doubted.

It is a constituent part of the canal necessarily incident thereto.

In Navigation Company vs. Commissioners, 15 Penn., it is admitted that a *canal* was exempt from taxation, and it was decided by the court "Where a canal is exempt from taxation the toll house-is not taxable," being necessarily appurtenant to the canal.

In addition, in the pending case, the State reserved the right to become the owner at the expiration of the charter, and declared the canal exempt.

That one of the buildings is occupied as a restaurant does not defeat the exemption. Burroughs, p. 14, Sec. 74, Corporation.

The question relates to exemption of this lot *vel non*.

The immunity having been granted many years prior to the adoption of the Constitution of 1879 is not defeated by an admission that one of the buildings yields a revenue as rental without proof of its amount. It is not shown how little or how much is collected as rent.

The exemption and the right to resume possession being expressed in one act of the Legislature, we conclude that the legislative intent was to exempt the canal and the property appurtenant to it and serving the purpose of the company in maintaining its navigation.

The sovereign authority having reserved the right of becoming the owner of this property on the forfeiture or at the expiration of the term of the charter, we construe the exemption with reference to that right.

Judgment affirmed at appellant's cost.