PROVOSTY, J.
The nine year old son of plaintiff had his leg run ov.er by one of the wheels of one of the four mule floats of defendant, and plaintiff charges that the accident occurred through the negligence of the driver of the float and claims damages for the injury. The leg had to be amputated above the knee.
The boy' and four other boys, who were with him at the time, testify as to how the accident happened. They say that they and other boys were going up Water street, which is a very wide street, unpaved, except that there is along the middle of it a roadway of Belgian blocks pavement; -that they met a boy who gave them apples; that the boy who was injured happened to drop his apple, and while he was in the act of stooping *955 to pick it up the float came on behind and the front mule struck him and knocked him down, and the front wheel passed over his leg.
The driver of the float says he saw nothing, and that- he could not have failed to see if the thing had happened as the boys say; that he had 13 bales of cotton on his float and was moving at a trot. A man who was driving a float about a block in the rear of the float that did the injury testified that two or three boys ran out and seemed to catch onto the side of the float, as boys are in thei habit of doing, and the boy that was run over stumbled and fell, and the hind wheel of the float passed over his leg.
The case is a very simple one. It resolves itself into the proposition whether the boys are to be believed.
Three months after the accident, the little son of plaintiff appeared as a witness on the trial of the driver on a criminal charge based on the same occurrence. He then testified that he was run over by the float as he was crossing Richard street. He made no mention of having dropped an apple, or of having been run over by the mules. On the present trial, 2% years later, the apple and the mules occupy the middle of the stage in his relation of how the thing occurred.
On this criminal trial a man, since dead, testified that he saw the boy “roll from under the float.” This is somewhat inconsistent with the testimony of one of the boys that he pulled Peter from under the float.
The case was tried without a jury. The judge found for defendant. His reasons for judgment are not in the record, but from the nature of the case they must have been that he did not believe the boys. He saw and heard the witnesses, and therefore had a better opportunity than we have of judging of their credibility. The case being, at best, a very doubtful one for plaintiff, we have concluded to affirm the judgment. The plaintiff must make his case reasonably certain.
Judgment affirmed.