(50 South. 649.)

No. 17,752.

BASILE v. TARANTO.

(Nov. 15, 1909.)

APPEAL AND ERROR (§ 1010*) — REVIEW — WEIGHT OF EVIDENCE.

The judgment of a district court, which is appealed from, is presumed to be correct. The party appealing must show error, to justify its reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3979; Dec. Dig. § 1010.*]

(Syllabus by the Court.)

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; Prentice E. Edrington, Judge.

Action by Rosalie Basile, wife of Philip Taranto, against Philip Taranto. Judgment for plaintiff. Defendant appeals. Affirmed.

Frederick A. Middleton, for appellant. Philip Patorno, for appellee.

NICHOLLS, J. Plaintiff alleged that she was married in Italy to her said husband about 37 years ago; that there are six children born of the marriage with her said husband, five of whom are of age, and the last one, James Taranto, a minor 17 years of age; that she had conducted herself properly, had given her husband no cause for illtreatment, and had done everything in her power to make his home happy and comfortable; that for about two years past her husband had continually illtreated her at their residence in this parish, continually insulting, assaulting, and beating her, charging her with infidelity, and making her life insupportable, and finally driving her from the matrimonial domicile, compelling her to seek protection at her son's home, Joe Taranto, on the Metairie Ridge; that under the circumstances petitioner decided to obtain a decree of separation from bed and board from her husband.

That there was some property, both movable and immovable, consisting of certain parcels of ground, which she described. She declared that said property was acquired during the community between herself and her husband; that she feared that her husband would dispose of the same to her prejudice during the pendency of this suit; that an inventory and appraisement of the said property should be made in the manner and form prescribed by law; and that an injunction restraining her husband from disposing of any part of said property in any manner was necessary for the protection of her rights in the premises.

She prayed that she be authorized to institute and prosecute the action; that the residence of her son Joseph, where she was then residing, be assigned to her as her domicile during the pendency of the suit; that an inventory and appraisement of all the property belonging to the community be taken; that a writ of injunction issue, restraining the defendant from disposing in any manner of any part of said property; that her husband be cited; and that she have judgment decreeing a separation of bed and board between herself and husband and maintaining the injunction.

An injunction issued as prayed for under order of court.

Defendant excepted to the petition on the ground that it was too vague and indefinite to admit of a proper answer and defense, in that it did not disclose the time and place at which plaintiff charged that he had assaulted and beaten plaintiff, that he had charged her with infidelity, and had driven her from the matrimonial domicile. He prayed that the exception be maintained,

and plaintiff compelled to make certain the allegations complained of, and on default so to do the suit be dismissed and the injunction dissolved.

The exception was overruled, and defendant reserved a bill.

Under reservation of his exception, defendant answered. After pleading a general denial, he averred that he had at all times properly cared for and well-treated his wife, but that she, on the contrary, had been guilty of gross cruelty and illtreatment; that his wife had repeatedly and in public accused him of infidelity, and cursed and abused him in such manner as to make life insupportable; that his said wife, without cause on part of respondent, left the matrimonial domicile to make her home with her son, Joseph Taranto, on Metairie Ridge; that all of said acts constitute in law cruel treatment, such as to render living together insupportable, and her absence from home constitutes abandonment within the meaning of the law; and now, assuming the character of plaintiff in reconvention, defendant desires a separation from bed and board from his said wife.

He prayed that the petition of plaintiff be dismissed, at her cost; and, now assuming the character of plaintiff in reconvention, respondent prayed that he have judgment against his said wife, decreeing a separation from bed and board against his said wife, and for costs, and for general relief.

The district court rendered judgment decreeing a separation from bed and board between plaintiff and defendant. It further perpetuated the injunction and ordered the defendant to pay costs.

Defendant has appealed.

The district judge, in rendering judgment, declared that plaintiff had made a sufficiently strong showing to justify a judgment in her favor as prayed for. There is evidence in the record, which, if true, supports that statement. We cannot say that the court erred.

The judgment appealed from is therefore affirmed.