No. 9932.

Orleans Appeal.

## FRANK PAUL v. ARTHUR TABONY.

(February 2, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. Louisiana Digest—Appeal—Par. 110.

Act 29 of 1924 refers only to interlocutory decrees concerning temporary restraining orders or preliminary writs of injunction, but does not deny the right of suspensive appeal from final judgments, in injunction matters.

Judge refused a suspensive appeal from a judgment on an injunction.

Mandamus made peremptory, commanding judge to grant an appeal.

Paul W. Maloney, attorney for petitioner.

D. V. Doussan, attorney for respondent.

CLAIBORNE, J. This is an application for a mandamus to order the judge of the District Court to grant the defendant an order of appeal. C. P. 837, Const. 1921, Art. VII, Sec. 2, p. 35.

The plaintiff obtained a judgment by default recognizing him as the owner of certain property and "ordering the defendant to deliver to the plaintiff possession of the same" and "condemning him also to pay to the plaintiff rent at the rate of $10 per month from September 27, 1920, to such time as he will have delivered to plaintiff the possession of said property". The judgment was rendered December 1, 1921. On appeal to this court the judgment was affirmed on June 16, 1924.

Under this judgment the plaintiff on October 8, 1924, issued two writs, one a writ of possession to put plaintiff in possession of the property described in the petition and the other, a writ of *fieri facias*, in the language of the writ, to pay "the sum of $10.00 per month from September 27, 1920, until Sheriff places plaintiff in possession of premises".

Under that writ, the Sheriff notified the defendant that he had seized "all the furniture and other movable property contained in the premises No. 2014 Magnolia Street".

The plaintiff stated in argument that the amount claimed under the writ was the rent from September 27, 1920, to the time the Sheriff would execute the writ of possession on October 8, 1924, or 45 months, or $450, or, at least, from the date of the judgment, December 1, 1921, or 15 months, or $150, which was left uncertain until determined by the Sheriff.

To arrest the writ of *fieri facias* the defendant filed a petition for an injunction.

He averred that the judgment was conditional and could not be made the subject of execution until after this court has determined by proper order the exact amount which might be due under the said judgment; "that he had repeatedly offered the possession to the plaintiff, who declined it, and that he was therefore not liable for the payment of the $10 monthly; that the Sheriff has threatened to remove the furniture which he has seized and which is worth $1,000; that he is entitled to a restraining order "until the final determination of the question".

Fi fa must issue for a stated amount to be fixed by the judge. 9 A. 496.

He prayed for an order restraining the plaintiff and the Sheriff from proceeding in the execution of said judgment until a hearing by the court.

A restraining order was issued on October 11, 1924, and the plaintiff was notified to show cause why a preliminary injunction should not issue as prayed for.

For answer to the rule the plaintiff, Paul, admitted the judgment for rent at $10 per month as alleged, admitted the seizure as alleged, and further answering averred that the defendant, Arthur Tabony, had been in possession of said property continuously from September 27, 1920, to October, 1924,

which fixed the amount due by him; that the issuance of the restraining order was illegal and he prayed for its dissolution with attorney's fees and damages.

On October 17, 1924, a hearing was had, the restraining order was dissolved and the perpetuation of it refused with $100 attorney's fees as damages.

From this judgment Arthur Tabony, plaintiff in injunction, on the same day filed a petition in which he prayed that Act 29 of 1924, in so far as it denied him the right of appeal, be declared unconstitutional and that he be granted a suspensive appeal from said judgment.

On the same day the judge refused the appeal.

Tabony applied to the Supreme Court for a mandamus to compel the judge to grant to him the appeal prayed for. The Supreme Court denied relief on the ground of want of jurisdiction. No. 26,904, Dec. 1, 1924.

The defendant then applied to this court for a similar mandamus.

In that application he alleged the facts above related.

He alleged further that "the plaintiff issued execution under the said judgment for the said sum, assuming that the defendant had remained in possession of said property, but which was only a conditional judgment and required an order of court definitely fixing the time and period of said possession; that defendant attempted to have the lower court to hear the said plea and sued out a restraining order to prohibit the Sheriff from seizing his property until he had been given an opportunity to be heard as to what might be found to be due to the plaintiff, if anything, which was denied; that he had an unquestioned right to litigate the right of the plaintiff to recover the said amount; * * * that the plaintiff did not have the exclusive right to determine for himself how much the defendant should pay; but proof in this re-

gard was refused by the District Court".

Judgment must be for an amount certain. Consolidated Engineering Co. vs. Town of Crowley, 105 La. 625, 30 South. 222.

We do not consider that the Act of 1924 is applicable to the facts of this case. The title of the Act is as follows:

"To regulate procedure and practice in and power to the courts of this State in respect to temporary restraining orders and preliminary writs of injunction."

Section 2 of the Act regulates the manner of obtaining temporary restraining orders and provides for the dissolution or modification of such orders or preliminary writs of injunction, and the mode of trial, that may lead to the issuance of the injunction.

Section 5 provides that "no appeal shall be allowed from any order granting, refusing, or dissolving a restraining order, but where upon a hearing a preliminary writ of injunction shall have been granted, continued, refused or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall have been refused by such order or decree, a devolutive, but not a suspensive appeal, may be taken as a matter of right from such interlocutory order or decree and c."

The judgment rendered in this case was not merely an order dissolving the restraining order, but the case was tried upon its merits after answer filed in which a regular judgment rendered. Taft vs. Donnes, 105 La. 704, 30 South. 112; Wade vs. London and Sheriff, 30 La. Ann. 660.

Nor was it an interlocutory order or decree, but a final judgment refusing the restraining order and its perpetuation and condemning the plaintiff in injunction to pay $100 attorney's fees; and was regularly signed.

The judgment disposed of every branch of the case and left nothing to be tried. The statute does not contemplate either in its title nor in its different sections that

no suspensive appeal should be granted from such a judgment, but if it did it would be unconstitutional for the double reasons that no such intention appears from its title, and that the right of appeal is constitutional and cannot be denied by legislative or judicial authority.

Having reached the conclusion that the Act of 1924 has no application here, it is clear that the defendant is entitled to a suspensive appeal from the judgment deny-ing the perpetuation of the injunction and condemning him to pay $100 attorney's fees.

It is therefore ordered that a mandamus issue herein be made peremptory command-ing the respondent judge to grant the re-lator a suspensive appeal from the judg-ment herein rendered on October 17, 1924.