### No. 10,044
### Orleans

---

### CITY OF NEW ORLEANS v. CANAL BAKERY AND DELICATESSEN, INC., Appellant

---

(March 15, 1926, Opinion and Decree.)
(See p. 18 herein.)
(March 15, 1926, Suspensive Appeal to Court of Appeal Granted.)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Injunction—Par. 58.**
Act 29 of 1924 relates only to temporary restraining orders and preliminary writs of injunction and not to perpetual injunctions issued after hearing on the merits.

2. **Louisiana Digest—Appeal—Par. 110.**
A suspensive appeal will lie from a final judgment perpetuating an injunction.

Appeal from Civil District Court, Division "B". Hon. Mark Boatner, Judge.

Action by City of New Orleans against Canal Bakery and Delicatessen, Inc.

Alternative writs of mandamus, certiorari and prohibition made peremptory.

Francis P. Burns, of New Orleans, assistant city attorney.

Paul W. Maloney, Jno. C. Davey and Edward Dinkelspiel, of New Orleans, attorneys for relators.

WESTERFIELD, J. The facts in this case are stated in an opinion of this court handed down October 17, 1925, under the No. 10,255 of the docket. We there held that in the exercise of the discretion vested in us by Act 29 of 1924 we would allow this defendant a suspensive appeal from a judgment ordering a preliminary injunction enjoining it from operating a private market because defendant might suffer irreparable injury while plaintiff could not be injured by the appeal. We did not suspend proceedings in the trial court, however, and since the decision of this court to which we have referred the case has been tried on the merits and the preliminary injunction made perpetual or, as it is called by the trial court, "permanent". (See 3 La. App. —, 6 Ad. Rpts. 18.)

Counsel doubtless, because of some confusion as to the proper remedy, have applied to us for a suspensive appeal under Act 29 of 1924 and for writs of mandamus, prohibition and certiorari. The learned trial judge, evidently considering the case as governed by the Act of 1924, justifies his refusal to grant a suspensive appeal as a proper exercise of judicial discretion. But Act 29 of 1924 has no application here. That act relates only to "temporary restraining orders and preliminary writs of injunction". The injunction we are now considering is neither the one nor the other. It was issued after hearing on the merits and is a perpetual or "permanent" injunction with which the 1924 statute has no concern. Paul vs. Tabony, 1 La. App. 542.

It follows, therefore, that the right of relator to a suspensive appeal must be determined under the general law without reference to the Act of 1924.

"A judgment which makes an injunction perpetual and passes on the points at issue after trial on the merits is a final judgment." Carondelet Canal Nav. Co. vs. New Orleans, 44 La. Ann. 394, 10 South. 871; La. Digest, Vol. 1, verbo Appeal, p. 315. An appeal from a final judgment where appeals are allowed by law is a matter

of right and not within the discretion of the court. C. P., Art. 565. And if taken within ten days and accompanied by proper security the appeal operates to "stay execution and all further proceedings until definitive judgment be rendered on appeal." C. R. 575. A suspensive appeal must be allowed where not specially denied by law. State ex rel. Cain vs. Judge Sixth District Court, Parish of Orleans, 20 La. Ann. 574; State ex rel. Crescent City Bank vs. Judge Third District Court of New Orleans, 20 La. Ann. 186.

We think relator is entitled to a suspensive appeal.

For the reasons assigned the alternate writs of mandamus, certiorari and prohibition heretofore issued are made peremptory, and it is now ordered that the Honorable Mark Boatner, Judge of Division "B" of the Civil District Court, be directed to grant to relator herein, Canal Bakery and Delicatessen, Inc., a suspensive appeal from the judgment of February 17, 1924, returnable to this court at such time and under such conditions as the law directs, the cost of this application to be borne by plaintiff.

Mandamus peremptory.