### STATE v. COMUS CLEANERS et al.
### No. 14167.

Court of Appeal of Louisiana. Orleans.
Oct. 17, 1932.

See, also, 141 So. 393.

McLoughlin & West, of New Orleans, for appellant.

Chas. J. Rivet, of New Orleans, for appellee.

HIGGINS, J.

The state of Louisiana, by rule, sued the defendant, engaged in the business of cleaning hats and shoes in the city of New Orleans, for license taxes for the years 1929, 1930, and 1931, under section 25 of Act No. 205 of 1924, as amended by Act No. 241 of 1928, alleging that there was due the sum of $112.50, or $37.50 per year, together with interest, penalties, and attorneys' fees based upon the statement that the gross receipts from the operation of the business were more than $5,000 and less than $6,000 in each year.

The defendant did not file a return to the rule or raise any special defense.

There was judgment in favor of the plaintiff in the sum of $56.25 with 2 per cent. interest per month on $18.75 from September 15, 1930, until paid, and interest at the rate of 2 per cent. per month on $37.50 from March 1, 1931, until paid; together with attorneys' fees and costs of court. Defendant has appealed.

Plaintiff's rule is accompanied by an affidavit of the tax collector's attorney that the defendant's gross annual receipts from his business of cleaning hats and shoes were between $5,000 and $6,000. Plaintiff relied upon section 3 of Act No. 148 of 1906 and the case of State of Louisiana v. Rufus G. Bush, 7 Orleans App. 91, to the effect that the rule and affidavit of a tax collector makes prima facie proof and transfers the onus probandi to the taxpayer.

Defendant then sought to establish by memoranda and his testimony that the annual gross receipts from the business of cleaning shoes and hats were less than $1,000. He admitted that though he had kept books at the time, he had since thrown them away. He testified chiefly from certain memoranda that he had kept and from his recollection. A perusal of his testimony shows that defendant was merely guessing as to the amount and that it was anything but certain as to the exact amount of the gross annual receipts.

As we view the case, only a question of fact is presented, viz.: Should the unsupported and uncertain testimony of the defendant be held sufficient to overcome a prima facie case established by the state? The district judge,

who saw the defendant and heard him testify, declined to so hold. The defendant has failed to show that our learned brother below committed any error and a careful reading of the record convinces us of the correctness of his decision. Martinez v. Fabacher, 118 La. 955, 43 So. 632; Williams v. Railway, 121 La. 438, 46 So. 528; Basile v. Taranto. 124 La. 677. 50 So. 649.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.