## HOWE SCALE CO. v. POUPART.
### No. 14158.

Court of Appeal of Louisiana. Orleans.
Dec. 19, 1932.

Joseph A. Casse, of New Orleans, for appellant.

F. Carter Johnson, Jr., of New Orleans, for appellee.

JANVIER, J.

This matter comes before us on appeal from a judgment rendered by default.

We are not favored by oral argument or by brief on behalf of appellant, but we are told by counsel for appellee that appellant's contention is that the judgment below was rendered on insufficient evidence.

We find that the certificate as to the contents of the transcript of appeal does not contain a statement to the effect that in the said transcript is to be found all of the evidence adduced below. In the absence of such certificate, we must assume that there was sufficient evidence, because there is a prima facie presumption of correctness which attaches to all judgments. If the certificate as to the contents of a transcript contains a statement to the effect that all evidence offered below is contained in the said transcript, and if it is then found that there is not therein sufficient evidence, then the presumption of correctness is destroyed by the actual fact that the evidence does not support the said judgment.

Here we have no means of knowing whether there was other evidence, and, therefore, we must presume that if the evidence that is before us is not sufficient that there was additional proof below but which did not find its way into the transcript.

In a matter involving this identical question, Streat v. Unity Industrial Life Ins. Co., 140 So. 709, 711, we quoted from an earlier decision of the Supreme Court as follows:

" 'The clerk does not certify that the record contains all the evidence adduced in the case, and the judgment purports to have been rendered on due proof being made of plaintiff's demand. Evidence may have been, and we are bound to believe, was offered to satisfy the court below; but the plaintiff was under no obligation to have it taken down in writing, for the use of his adversary, in case he should wish to appeal.' Fowler v. Smith & Husband, 1 Rob. 448." Citing numerous other authorities.

The judgment appealed from is affirmed.

Affirmed.