**GROSJEAN, Supervisor of Public Accounts, v. WALLACE JOHNSON MOTOR CO., Inc.**

**No. 5287.**

Court of Appeal of Louisiana. Second Circuit.

Dec. 11, 1936.

Warren Hunt, of Rayville, for appellant.

D. J. Anders, of Winnsboro, for appellee.

HAMITER, Judge.

Through a written motion presented to the trial court by plaintiff's attorney, it was suggested that the defendant was indebted unto the state of Louisiana for a certain sum because of its failure to pay occupational license taxes for the years 1933, 1934, and 1935, imposed under the provisions of Act No. 70 of 1928, Act No. 168 of 1932, and Act No. 15 of the Third Extraordinary Session of 1934. This pleading was neither signed nor sworn to by said attorney or by the plaintiff herein or any of her deputies.

Attached to said motion is an order of the trial judge reading as follows: "It is ordered by the court, that in accordance with section 47 of Act No. 15 of the Third Extra Session of 1934, and as amended by Act No. 5 of the First Extra Session of 1935, and Acts Nos. 7 and 10 of the Fourth Extra Session of 1935, that the said Wallace Johnson Motor Co. do show cause on the 6th day of March, 1936, at 10:30 o'clock A. M. why it should not pay the said amount of said license claimed and penalties as provided therein, and to cease from further pursuit from said business until after having obtained license."

As shown by the court minutes, trial of the case was fixed for March 9, 1936. On that date an exception of no cause or right of action was filed by defendant. The minute entry relating to the trial reads in part: "Exception of no cause or right of action taken up and tried. Exception overruled. On motion of attorney for the State it was ordered by the Court that the rule be made absolute, for the full amount of license, penalties and attorney's fees."

It does not appear that defendant filed a formal answer to the rule.

After the signing of the judgment, the defendant appealed suspensively to this court.

At the outset, it is proper to observe that we have not been favored in this case with either oral argument or a written brief by counsel for plaintiff.

There is no evidence whatsoever in the record, nor is there incorporated therein a statement of facts. Ordinarily, under these circumstances, we would hold that there is a presumption that the trial court acted upon proper and sufficient evidence, and its judgment would be affirmed. Miller v. Wrenn (La.App.) 166 So. 883. But the record herein contains a certificate of the clerk of court in which it is stated that the pages therein constitute a true and correct transcript of all documents filed, minute entries, and evidence taken in and during the trial of the case. By reason of this certificate, and the record being barren of any evidence, the only conclusion that can be drawn is that no evidence was offered in behalf of plaintiff's claim; and, thus, it cannot be presumed that there was sufficient evidence to support the judgment.

The Court of Appeal for the Parish of Orleans, in the case of Howe Scale Co. v. Poupart, 145 So. 36, has, through the opinion of Judge Janvier, correctly ex-

pressed our views on this question. The appeal in that case was from a judgment rendered by default. The court said: "We find that the certificate as to the contents of the transcript of appeal does not contain a statement to the effect that in the said transcript is to be found all of the evidence adduced below. In the absence of such certificate, we must assume that there was sufficient evidence, because there is a prima facie presumption of correctness which attaches to all judgments. If the certificate as to the contents of a transcript contains a statement to the effect that all evidence offered below is contained in the said transcript, and if it is then found that there is not therein sufficient evidence, then the presumption of correctness is destroyed by the actual fact that the evidence does not support the said judgment."

The case of Harrison v. Soulabere, 52 La.Ann. 707, 27 So. 111, 112, involved an appeal where the record contained no evidence and the clerk's certificate therein was similar to the one above described. In its opinion, the Supreme Court stated:

"The clerk's certificate at the end of the transcript declares that the 22 pages of the same 'do contain a true, correct, and complete transcript of all the proceedings had, documents filed, and evidence adduced upon the trial of the cause.' No note of evidence appears in the record. If witnesses were called and examined, there is nothing to inform us of the fact. If documentary evidence was offered, it does not appear. So far as the record discloses, we have here a judgment affecting the rights of property rendered on no evidence of any character whatever. The clerk's certificate must be held, for purposes of this appeal, to import full faith, and it declares that the transcript filed contains all the evidence adduced. Then none was adduced, for none appears. Hence the judgment stands before us unsupported.

"Under this condition of things, the judgment sustaining the allegations, and decreeing according to the prayer of plaintiffs' petition, must be changed to one of nonsuit, or else the judgment must be avoided, and the case remanded. The effect of a complete and full certificate from the clerk of the court of the first instance precludes dismissal of the appeal, and dispenses with the necessity of a statement of facts or assignment of errors. * * *

"If the clerk's certificate had not contained the declaration that all the evidence adduced on the trial of the cause was to be found in the transcript, then would the court here affirm the judgment on the presumption that the court below had rendered the same on proper and sufficient evidence. If the certificate of the clerk was incorrect in the particular mentioned, it was the business of the appellees, for their own protection, to have taken steps for its correction."

Our appreciation of the law is that a plaintiff, in any civil proceeding, whether it be summary or ordinary, and even though the defendant does not file answer, must at least make out a prima facie case before he is entitled to judgment. Not only was there no evidence offered herein, as we have above shown, but there is no affidavit of plaintiff, her attorney or any of her deputies, attached to the motion or otherwise filed and incorporated in the record. If such an affidavit had existed, we would have no hesitancy in holding that it, together with plaintiff's motion and rule, constituted a prima facie case. The case of State v. Comus Cleaners et al., 143 So. 732, decided by the First Circuit of this court, involved a suit to recover license taxes. The opinion therein was written by Mr. Justice Higgins, now of the Supreme Court. The court held that the state's rule, accompanied by an affidavit of the tax collector's attorney as to the gross annual receipts of defendant's business, made prima facie proof of the indebtedness and transferred the onus probandi to the taxpayer.

Section 3 of Act No. 148 of 1906, which appears to be in full force and effect, provides that: "Be it further enacted, etc., That in all proceedings brought by the State, a municipality, town or parish of this State for licenses or additional licenses the burden of proof on all questions of fact shall be upon the defendant, but only as to those facts which the tax collector, his deputy or attorney shall swear are, to the best of his knowledge or belief, true."

In the case at bar, a pertinent question is whether or not defendant was engaged in operating the business described in plaintiff's motion. This is one of fact. The affidavit provided for in the above-quoted statute not having been made and filed in the proceeding, the burden of proof regarding that question, and all other questions of fact in the case, was not on defendant, but remained with plaintiff. Ac-

cording to the record, this burden has never been discharged, and the judgment against defendant was erroneously rendered.

Accordingly, it is ordered that the judgment appealed from be avoided, and that this cause be remanded to the trial court for further proceedings according to law, and not inconsistent with the views herein expressed.