## MEERS v. SEYMOUR et al.*
### No. 16666.

Court of Appeal of Louisiana. Orleans.
June 14, 1937.

Wisdom & Stone, of New Orleans, for appellants.

R. A. Dowling, of New Orleans, for appellee.

WESTERFIELD, Judge.

Robert E. Meers, a citizen of the state of New York, temporarily residing in the city of New Orleans, brought this suit in the civil district court, alleging that he was the duly elected agent and representative of the Marine Fireman, Oilers and Watertenders Union, to which we shall hereafter refer as the M. F. O. W. Union; that

*Rehearing denied Oct. 4, 1937.

as such agent he was entitled to the exclusive possession and control of its physical property, books, records, and papers, presently in the possession and control of M. J. Seymour, Roy Owens, and Charles Thorsen and other persons unknown to petitioner, who are unlawfully pretending to be entitled to the custody of such property; that fearing that the books and papers and other property would be destroyed or removed from this jurisdiction, he prayed for a writ of sequestration and for a rule nisi directed to M. J. Seymour, Roy Owens, and Charles Thorsen, ordering them to show cause why a preliminary injunction should not issue to restrain them from pretending to act as the agents, employees, or representatives or in any other capacity in connection with the M. F. O. W. Union, or from collecting money, issuing books, etc., for said union. Service of the petition was effected on Roy Owens and Charles Thorsen, neither of whom made an appearance. A writ of sequestration was issued and certain property taken in custody by the sheriff which was subsequently delivered to Robert E. Meers upon the execution of a bond for $150. A preliminary default was entered on February 5, 1937, and on the 18th day of February, 1937, a judgment on confirmation of default was rendered. Thereafter, on February 25, 1937, Roy Owens and Charles Thorsen obtained an order of suspensive and devolutive appeal to this court from the judgment confirming the default. After the appeal was lodged here, an exception of no cause of action was filed upon the ground that the plaintiff pretended to sue on behalf of an unincorporated association without joining all the members thereof and upon the further ground that "courts will not take jurisdiction of an internal dispute within a labor union, especially in the absence of an allegation that the remedies provided within the association have been exhausted."

In argument and in brief in this court the judgment appealed from was attacked upon the further ground that the default judgment was not supported by sufficient evidence. We shall consider the last ground first:

Article 312 of the Code of Practice, as amended by Act No. 90 of 1904, reads as follows:

"If, two days (whether judicial or nonjudicial but exclusive of Sundays and legal holidays) after the first judgment has been

rendered, the defendant neither appear nor file his answer, definitive judgment will then be given for the plaintiff, provided he prove his demand. This proof is required in all cases, and when the demand is for a sum due on an open account, then an affidavit of correctness thereof, before any competent officer, shall be prima facie proof."

The record contains:

First, an affidavit of George Chalmers, Norman Pittman, Everett E. Morgan, Sr., Harold M. King, Lee Papke, and John Rollins, sworn to before R. A. Dowling, notary public, in which it is stated that Frederick C. Phillips was duly elected secretary and Moe Byne, treasurer, of the Atlantic and Gulf District of the M. F. O. W. Union and "that these officers are now acting as such for the entire District with headquarters in the City of New York and have full charge of the affairs of the Marine Firemen, Oilers & Watertenders Union."

Second, an affidavit of A. P. Harvey before F. B. Pezold, Jr., notary public, in which affiant avers that he is the president of the Central Trades and Labor Council for the New Orleans district and that his organization has recognized Robert Meers as the lawful agent of the M. F. O. W. Union and Frederick C. Phillips as secretary.

Third, a letter written by Frederick C. Phillips asserting that Robert Meers has been elected agent for the Port of New Orleans, La., for the M. F. O. W. Union.

Fourth, an affidavit of Robert Meers before R. A. Dowling, notary public, in which affiant declares that he has been designated as agent for the M. F. O. W. Union by Frederick C. Phillips, the secretary, and that his appointment has been confirmed and ratified at a meeting of the membership held on December 8, 1936.

Fifth, a copy of a judgment by Hon. Murray Hulbert, United States District Judge of the Southern District of New York, certified according to an Act of Congress, in which it is ordered that the records of the M. F. O. W. Union be turned over to Frederick C. Phillips and Moe Byne as secretary and treasurer respectively.

From the judgment confirming the preliminary default, we quote the following:

"The plaintiff, through his attorney, having offered in evidence the petition and affidavits to the petition, the preliminary order of the court signed on the 8th day of December, 1936, citations showing personal service on Roy Owen one of the defendants herein, on December 8, 1936, and also citation showing personal service on the defendant, Charles Thorsen, on December 8, 1936; and the exhibits including the exhibit marked 'Plaintiff 1, 2, 3, 4 and 5'; and the law and the evidence being in favor of the plaintiff and against the defendants, Charles Thorsen and Roy Owen;

"It is ordered, adjudged and decreed: That a permanent injunction issue herein."

There is attached to the record a certificate of E. A. Fitzmaurice, deputy clerk of the civil district court for the parish of Orleans, to the effect that the record "filed herewith is the original record and includes all the pleadings, evidence and documents."

There is no note of evidence in the record and nothing to show that Meers, as agent, is the proper custodian of the sequestered property, nor is there anything to indicate that Roy Owens and Charles Thorsen are not entitled to the custody of the records of the union. No viva voce evidence was adduced and the record contains only the affidavits to which we have referred.

Act No. 29 of 1924, which is entitled an act to "regulate procedure and practice in and power of the courts of this State in respect to temporary restraining orders and preliminary writs of injunction," provides in section 2 that:

"Upon an application being made to the court for a preliminary writ of injunction, the court, if a proper case be shown by the petition for the issuance of the writ, shall order the defendant to show cause on a date and hour fixed, not less than two or more than ten days after the service of the order, why a preliminary writ of injunction should not issue; but if it be made to appear, to the satisfaction of the' court, from specific facts shown by a verified petition, or by supporting affidavits, that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served, and a hearing had on such application, the court may, in its discretion, issue a temporary restraining order against the defendant, upon the applicant furnishing bond (unless bond be not required by existing applicable laws) in such amount as the court may fix. * * * Upon any hearing for a preliminary injunc-

tion, or for the dissolution or modification of a temporary restraining order or preliminary writ of injunction, the court, as it may deem proper and may order, may hear such application upon the verified pleadings and supporting affidavits, or may take proof as in ordinary cases. * * * Affidavits shall be entitled and numbered in the cause, and shall be sworn to, by the affiant before some officer authorized to administer oaths, and who is not a party or attorney in the cause or otherwise interested therein, and such oath shall have the same sanctity as if administered in open court, and wilful false swearing to any material fact in any affidavit shall constitute perjury."

■ It will be remembered that in the prayer of the rule nisi a preliminary injunction is asked for, while in the judgment in confirmation of default a permanent injunction is granted. Counsel for plaintiff insists that Act No. 29 of 1924 has no application here because the act in terms applies only to temporary restraining orders and preliminary writs of injunction and not to permanent injunctions issued after a trial upon the merits. That the act is restricted in its application to temporary restraining orders and preliminary writs of injunction cannot be gainsaid. New Orleans v. Canal Bakery, 3 La.App. 789; Paul v. Tabony, 1 La.App. 542. It might be said, however, that the description of the injunction granted by the judgment on confirmation of default as "permanent" was an inadvertence, since the prayer of the rule which provoked the judgment was for a preliminary injunction. Looking at the matter in this light, we find that practically the only affidavits submitted which have any bearing upon the issue were sworn to before R. A. Dowling, who is of counsel in this case, in direct contravention of the requirements of section 2 of the act.

■ Taking the view of the matter suggested by counsel and regarding the injunction as permanent and as having been issued after a trial upon the merits, we find no evidence in the record other than that presented by affidavits which would support the allegations of plaintiff's petition for an injunction. Since this form of proof (by affidavit) is authorized only with reference to restraining orders and preliminary injunctions, we find nothing whatever in the way of proof to sustain plaintiff's contention. Counsel cites Cohn

Flour & Feed Company v. Mitchell, 18 La. App. 534, 136 So. 782, to the effect that where a judgment declares that it was rendered on due proof of the demand of plaintiff, it will be presumed that sufficient legal evidence was presented upon confirmation of default and also Goldman v. Thomson, 3 La.App. 469, to the same effect.

■ The presumption referred to concerning the sufficiency of evidence to support a judgment is only indulged in the absence of a certificate by the clerk or in cases where the clerk's certificate is silent on the subject of the evidence adduced.

In Streat v. Unity Industrial Life Insurance Company (La.App.) 140 So. 709, 711, the difference between such a situation and the one presented here was pointed out. In that case we said:

"In the syllabus of Abbott v. Bell, 12 La. 132, we find the following: 'Where a judgment is taken and confirmed by default, although it expresses on its face, that due proof of the demand was made, and the clerk and judge's certificates state, that the record contains all the evidence adduced on the trial, yet if the evidence in the record, is insufficient, a judgment of non-suit will be entered.'

"In Mackin et al. v. Wilds, 106 La. 1, on page 6, 30 So. 257, 259, we find: ·

" 'Because the judgment begins with the usual formula, to wit, "the law and the evidence being in favor of the plaintiffs and against the defendant," etc., the latter's counsel argues that a presumption attaches that the judgment was rendered on sufficient evidence adduced, and such, undoubtedly, would be the case were the clerk's certificate appended to the record silent on the subject of evidence adduced. But where, as in this case, it recites that the transcript contains "all the evidence adduced," and none whatever appears, no such presumption attaches.

" 'This question was exhaustively considered, on full examination of all the authorities, in Harrison v. Soulabere, 52 La. Ann. 707, 27 So. 111, and it was there held that where the clerk certifies to a transcript as containing all the evidence adduced upon the trial, and yet no testimony or evidence of any kind is found in the record to support the judgment rendered, the same must be avoided, and one of nonsuit entered, or else the cause be remanded.'

"In Pfeifer v. Bacharach, 10 La.App. 30, 121 So. 196, the clerk certified that the record contained all the .evidence. This court felt that there was not in the record sufficient evidence, and remanded the matter to the lower court.

"We have cited a large number of cases, some recently decided and others passed upon many years ago, for the purpose of showing that it is only where there is a certificate to the effect that the transcript contains all the evidence that absence from the transcript of sufficient .evidence to form the basis of the judgment will warrant a reversal."

There being no evidence in the record to support the judgment on confirmation of default, it follows that the case must be remanded, therefore, the other points raised by defendants need not be considered.

For the reasons assigned, the judgment appealed from is reversed, the writ of injunction recalled, and this cause remanded to the civil district court for the parish of Orleans for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.