BARNETTE, Judge.
This is an appeal from a judgment of $859 with interest and costs rendered by confirmation of default. The entire record consists of only 15 pages; and rather than attempt a narration of the case, we will state chronologically every significant fact and quote literally from the record the-entries which have particular significance.
Suit was filed May 26, 1965, by Alvin Dodd against Albert L. Schell for $859, *808 this amount being the alleged balance due on a plumbing contract of $3,009. There is no allegation that the contract was in writing; it is alleged merely that “petitioner agreed to install the plumbing fixture [sic], supply the labor and other various plumbing work in and on defendant’s property * * * for a total price of $3,009.-00”. The petition is signed by Eugene E. Leon, Jr., attorney for petitioner. Personal service was obtained on May 29, and a return thereof was filed June 2, 1965.
The next instrument appearing in the record was filed two years later, and is a printed form with blank spaces filled in by typewriter and filed May 25, 1967. It is a motion by Albert L. Schell for security for costs. In handwriting above the signature of the judge is: “Denied. Advance court cost has been paid. [Signed] Eugene E. Leon, Jr., Judge.” It is dated “Pointe-a-la-Hache, La., May 25, 1967.” At the bottom is the penciled notation: “5/25/67 - cc: T. M. McBride, III.”
On page 1 is the following minute entry:
“Extract from Minutes of Court — Thursday, May 25th, 1967
PURSUANT TO ADJOURNMENT THE COURT MET:
PRESENT: HON. EUGENE E. LEON, JR., JUDGE, DIV. ‘B’.
NO. 8547
ALVIN DODD
VS.
ALBERT L. SCHELL
Mr. A. D. Freeman, Jr., appeared, and moved that his name be entered as counsel for plaintiff and it was so ordered by the Court. On motion of Mr. Freeman the Court ordered a preliminary default entered herein.
AND THE COURT WAS ORDERED ADJOURNED * * *.”
The next filing is a motion and order substituting Morphy, Freeman & Batt as attorneys of record for plaintiff Dodd in place of “Eugene E. Leon, Jr., Esq. [who], has been elevated to the bench.” This order, dated June 5, 1967, is signed by Richard H. Gauthier, Judge, and is endorsed “filed June 5 1967.”
On the same day, June 5, 1967, there was filed an affidavit attesting that defendant was not in military service and also on that date a judgment was rendered by Richard H. Gauthier, Judge, and was signed and filed. The judgment is on a printed form with blank spaces filled in appropriately. The judgment begins with the preamble:
“On motion of A. D. Freeman, Jr., attorney for plaintiff, and on producing to the Court due proof in support of the plaintiff’s demands, the Court considering the law and the evidence to be in favor of the plaintiff, for the reasons orally assigned.
IT IS ORDERED, ADJUDGED AND DECREED * * *.”
Pertaining to this judgment the following minute entry appears:
“Extract from Minutes of Court — Monday, June 5th, 1967
PURSUANT TO ADJOURNMENT THE COURT MET:
PRESENT: HON. RICHARD H. GAUTHIER, JUDGE, DIV. ‘C’.
NO. 8547
ALVIN DODD
VS. Judgment
ALBERT L. SCHELL
This cause came on this day for hearing.
Present: A. D. Freeman, Jr., Attorney for Plaintiff.
Defendant absent and unrepresented.
Alvin Dodd was duly sworn and examined in chief by Mr. Freeman.
*809 After offers were made and the matter submitted the Court rendered judgment confirming default entered on May 25, 1967, and also judgment in favor of plaintiff and against defendant, in the full sum of $859.00, together with legal interest from date of judicial demand, and for all costs.
AND THE COURT WAS ORDERED ADJOURNED * *
On June 8, 1967, an answer was filed on behalf of Albert L. Schell, by T. M. McBride, III, attorney. Since the answer was filed after confirmation of default we have given no consideration to the issues attempted to be raised by it.
A motion and order for a suspensive and devolutive appeal was granted, and the order was signed and filed; the required bond was executed and filed and notice of appeal was directed to plaintiff’s attorneys, all on June 19, 1967. Service of notice of appeal was effected on June 22. The return day was extended by order of Eugene E. Leon, Jr., Judge, on August 17, 1967, on motion of the Clerk of Court.
The Clerk’s certificate attached to and being a part of the record before us is as follows:
“I, ALLEN L. LOBRANO, Clerk of the Twenty-Fifth Judicial District Court for the Parish of Plaquemines, State of Louisiana, do hereby certify that the record filed herewith is the original record and includes the pleadings, etc. filed in said cause.
IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of our said Court at Pointe-a-la-Hache, Louisiana, on this 2nd day of October, 1967.
[Signed] Allen L. Lobrano Clerk of Court.”
The plaintiff’s petition clearly indicates that the agreement to do the plumbing work was a verbal contract for $3,009. The Civil Code of Louisiana in Title IV “Of Conventional Obligations,” in chapter 6 “Of The Proof of Obligations And That of Payment,” provides in section 2 “Of Testimonial Proof” in article 2277 as follows:
“All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.”
LSA-C.C.P. art. 1702 provides:
“A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
When the demand is for a sum due on an open account, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a negotiable instrument, no proof of any signature thereon shall be required.”
The foregoing procedural requirement of proof sufficient to establish a prima facie case must be read in connection with the specific proof required for verbal contracts or agreements above $500, and only when this specific requirement has been met can it be said that the proof is sufficient.
The question therefore is whether the judgment upon confirmation of default is supported by the required proof of at least one credible witness and other corroborating circumstances.
 From the record, and particularly the minute entry of June 5, 1967, we must conclude that only one witness testified on confirmation of default, namely, Alvin *810 Dodd. Certainly Dodd, though plaintiff herein, does qualify as “one credible witness.” The question remains, however, did he prove his case by “other corroborating circumstances” in addition to his own testimony? As to this, the same minute entry makes reference to “offers were made and the matter submitted.” We are strongly inclined to believe that these words were merely pro forma and have no significant meaning. However, if any meaning can be given to them, our search of the record for the “offers” referred to is in vain, except for the affidavit by plaintiffs attorney that the defendant was not in military service. This is clearly not an “other corroborating circumstance” within the meaning of article 2277. Obviously it has no relevance whatever to the alleged verbal contract or agreement.
We have carefully examined and considered the certificate of the Clerk of Court certifying to the completeness of the record. We hold that it is sufficiently clear and free of ambiguity to lead to no other conclusion than that all filings, which would include all “offers” made in this case below, are included in the record before us on appeal. As we can find nothing in the record which would constitute an offer, other than the military service affidavit, we must conclude that none was made. Thus it is apparent that plaintiff failed to show the “other corroborating circumstances” necessary to establish his case. For this reason we must annul this default judgment and remand the matter to the trial court for proceedings on the merits.
We are fully cognizant of the jurisprudential rule which holds that the trial judge is presumed to have had sufficient evidence before him to render a confirmation of default judgment. Martin v. District Grand Lodge No. 21, 146 So. 793 (La.App. 2d Cir. 1933), and cases cited therein. This principle is quite sound for it is never to be assumed that the judge did grant a judgment without the proof required by law, and weight must be given to such statements in the judgment as “upon due proof,” “the law and the evidence being in favor thereof,” etc. But this is only a prima facie presumption and may be overcome by evidence to the contrary. Landreneau v. Perron, 174 So. 140 (La.App. 1st Cir. 1937).
We find that reliance upon this presumption is most common in those cases where there is an absence of a clerk’s certificate indicating that the record is complete and where there is no transcript of the testimony upon which the judge relied. Meers v. Seymour, 175 So. 431 (La.App.Orleans 1937); Howe Scale Co. v. Poupart, 145 So. 36 (La.App.Orleans 1932).
Since we find that the certificate of the Clerk of Court in this case is unambiguous and that it certifies the record is complete, and since the record contains no “offer” except the affidavit relating to military service, we hold that the presumption of sufficiency of evidence is overcome in this case. Meers v. Seymour, supra.
We are also not unmindful of the cases in our jurisprudence holding that the mere entry of a preliminary default is itself a corroborating circumstance required by LS A-C.C. art. 2277. The rule is well stated in Electrical Supply Co. v. Moses, 3 La.App. 286, 289 (1926), in the following language, quoting Webster & Co. v. Burke, 24 La.Ann. 137 (1872):
“ Tt has been long settled that a judgment by default is a sufficient corroborative circumstance, with the testimony of one witness, to establish a claim amounting to more than $500.00.’ ”
See also Massey v. Consumer’s Ice Co. of Shreveport, 223 La. 731, 66 So.2d 789 (1953); Leeds v. Debuys, 4 Rob. 257 (1843); Lopez v. Bergel, 7 La. 178 (1834).
It must be observed, however, that all of the foregoing cases were decided under the then applicable article 360 of the Louisiana Code of Practice, which has not been included in our Code of Civil Procedure, but which read as follows:
“When the defendant suffers judgment by default to be taken against him, the *811 issue is joined tacitly; because such defendant is presumed by his silence to have confessed the justice of his adversary’s demand; therefore the plaintiff is allowed to proceed with his proofs, in order to have the judgment confirmed.”
Apparently the justification for giving the preliminary default the character of a corroborating circumstance drew its support from the presumption which that article recognized. The article was largely a statement of substantive law, and we doubt that it ever had a proper place in a procedural code.
In the absence of any other circumstance to meet the requirement of LSA-C.C. art. 2277, we must assume that the trial judge followed the jurisprudence under C.P. art. 360. We think those cases holding that default was a circumstance of sufficient weight to meet the requirement of article 2277 of the Civil Code, even under C.P. art. 360, carried the theory of confession by silence to its ultimate. We doubt that such jurisprudence would have developed except for the prcstimption which that article specifically authorized, and a judgment based thereon, since the deletion of C.P. art. 360, cannot be sustained.
There are other factors in this case which we think have some significance. From the time plaintiff’s attorney of record was elevated to the District Court bench, there was no attorney of record qualified to enter a preliminary default. According to the minutes of May 25, 1967, the substitution of attorney of record and the entry of preliminary default was done simultaneously before the judge who had been attorney of record. It should be observed further that the written motion for substitution of attorney of record and the court’s order (signed by another judge) was not filed until June 5 — the day default was confirmed. Therefore if the entry of preliminary default was considered by the trial judge as having evidentiary value, he should also have considered the significance of the offsetting factors.
For the foregoing reasons, the judgment appealed from is annulled and set aside, and the case is remanded to the District Court for trial and judgment according to law. Cost of this appeal shall be paid by plaintiff-appellee, all other costs to await final judgment.
Judgment annulled; case remanded.