244 So.2d 243 (1971)
Dr. Charles J. ASWELL, Plaintiff and Appellee,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant and Appellant.
No. 3300.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1971.
Rehearing Denied March 4, 1971.
*244 Hall, Raggio, Farrar & Barnett, by Fred L. Cappel, Lake Charles, for defendant-appellant.
Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
Before HOOD, CULPEPPER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
Dr. Charles J. Aswell, plaintiff herein, filed suit in the City Court of Ville Platte, Louisiana, against defendant, United States Fidelity and Guaranty Company, seeking to collect the sum of $115.00 in payment for medical services rendered to one, Allen West. The defendant having failed to answer in time to prevent it, plaintiff took a default judgment on August 10, 1970. The testimony heard at trial, if any there was, was not transcribed and is not in the record. Subsequently, on August 18, 1970, defendant filed an answer, and on August 20, 1970, it took a suspensive appeal to this court.
Defendant argues that plaintiff's suit was based on defendant's promise to pay plaintiff the cost of the services rendered to Allen West, that this is a promise to pay the debt of a third party, and that it cannot be proved by parol testimony. It states that there is no evidence of the alleged promise in the record and that therefore the judgment should be reversed.
Plaintiff points to an admission that defendant promised to pay plaintiff for the above said services, contained in defendant's belated answer, and urges us to accept it as a judicial confession on the part of defendant. He cites Article 2291 of the Louisiana Civil Code for the rule that a judicial confession amounts to full proof against him who has made it, and asks that we affirm the judgment. In a supplemental brief plaintiff directs our attention to the proposition that when a record on appeal does not contain a transcript of the testimony, or a statement of facts either by the trial court, or signed by opposing counsel, the judgment is presumed to be supported by competent and sufficient evidence. In the alternative he urges us to affirm the judgment on the basis of this presumption.
We can begin by discounting defendant's tardy answer. An answer filed after the entry of judgment in a case is of no consequence and has no legal effect whatsoever in that case. C.C.P. Article 1002. We therefore do not consider it.
Looking at those documents that properly form part of the record, we can ascertain only that the plaintiff rendered medical services to West, a third party, and is seeking payment from the defendant, an insurance company. The Clerk of Court has attached her certificate of the completeness thereof to the record. The certificate is clear and unambiguous, and permits no conclusion other than that all *245 filings are in the record. If, therefore, this is a case in which documentary evidence is needed to sustain the burden of proof, then, regardless of the fact that the testimony was not transcribed, the presumption that a default judgment was based on sufficient evidence is overcome. Dodd v. Schell, La.App., 207 So.2d 807.
Plaintiff does indeed seem to be proceeding on the theory that defendant has promised to pay the debt of a third party, West. Under Article 2278 of the Civil Code, Section 3, parol evidence may not be received to prove a promise to pay the debt of a third person. Hence if this is the case, plaintiff should have introduced a written promise to pay on the part of defendant. If that was not plaintiff's strategy but rather he was proceeding under an insurance contract, the policy of insurance issued by defendant should have been put in evidence. Under either theory of the case a document was necessary to prove plaintiff's claim. That document is missing from the record and considering the clerk's certificate of completeness, we must conclude that it was never filed. Dodd v. Schell, supra. Under these circumstances the presumption that the default judgment was based on sufficient evidence is overcome. Baker Finance Co. v. Hines, 255 La. 971, 233 So.2d 902. We therefore turn now to see whether in fact there was sufficient evidence to support the judgment.
Since this appeal comes to us from a City Court and involves more than $100.00, we look to Article 5001 of the Code of Civil Procedure which provides:
Except as otherwise provided in Article 5002, the procedure in a civil case in a city court of which a justice of the peace does not have concurrent jurisdiction is the same as that provided by law for a civil case in the district court of the parish in which the municipality is situated.
In relevant part Article 5002 C.C.P. provides for the taking of default judgments in accordance with Article 4896 C.C.P. Article 4896 C.C.P. reads as follows:
If the defendant fails to answer timely, or if he fails to appear at the trial, and the plaintiff proves his case, a final judgment in favor of plaintiff may be rendered. No prior default is necessary. In such instances, when the suit is for a sum due on an open account, or other conventional obligation, prima facie proof may be submitted by affidavit.
If, after answer, the plaintiff fails to appear at the trial, judgment may be rendered dismissing the suit with prejudice, at plaintiff's cost.
Plaintiff, possibly considering this to be a conventional obligation put into evidence a notarized copy of a bill for medical services and drugs, bearing the letterhead of plaintiff, and rendered to Allen West. An affidavit is a declaration on oath, reduced to writing and sworn to by the affiant before some person who has the authority to administer oaths. Lambert v. Powell & White, 6 Orleans App. 195. Even were we to hold that this instrument constitutes an affidavit, which we do not, it would be of no avail to plaintiff. The statement is addressed to Allen West and nowhere mentions defendant. Ergo, it cannot be accepted as proof of defendant's indebtedness.
The record then, is lacking in all possibilities of proper proof. It does not contain a written promise to pay the debt of a third person, West, nor a contract of insurance, nor a valid affidavit. We can only conclude that none of these was filed in evidence, and therefore that plaintiff failed to prove his case. Consequently the default judgment is not supported by sufficient evidence and must be overturned.
Since plaintiff may be able to prove his demand in a subsequent suit, we will dismiss this case without prejudice. LSA-C.C.P. Articles 1673 and 1844.
For the reasons assigned, the judgment appealed is reversed and set aside. Plaintiff's *246 suit is dismissed without prejudice. All costs in the district court and of this appeal are assessed against the plaintiff appellee.
Reversed and rendered.