REGAN, Judge
(dissenting).
I respectfully dissent from the opinion of the majority. The essence thereof is that if an exception is filed in First City Court before a default judgment is taken against a defendant, the plaintiff may not proceed to take a default judgment and, on the other hand, the defendant is precluded from filing a subsequent answer and is relegated to the defense stated in his exception as his sole remedy.
The majority cited no authority in support of this proposition, and after exhaustive research and study of the statutes and jurisprudence of Louisiana the writer can fairly say there is no such authority for the conclusion reached in the majority opinion.
Even a cursory reading of Article 5002 of the Code of Civil Procedure discloses that the delay for answering suits filed in *885 the First City Court is five (S) days, exclusive of legal holidays. This article further provides that a “defendant shall incorporate in his answer all of the exceptions on which he intends to rely.” It is thus obvious that in the absence of an answer there is no procedural vehicle which authorizes the filing of an exception in First City Court in vacuuo unsupported by an answer to the merits of the plaintiff’s suit.[1]
The philosophical justification for such a conclusion is readily observable from the comment to Article 5002 which states that while the general procedure followed in district courts is to be followed in First City Court, the article in question makes the “essential” change by requiring that the exceptions be filed with the answer. The obvious purpose of this requirement is to avoid, in cases under $1,000.00, the arduous and time consuming task of arguing innumerable exceptions prior to the time when the defendant can be compelled to answer in order for issue to be joined and the case set for trial on its merits.
The author hereof fully adheres to the philosophical concept that procedure should be relegated in importance to substance when there is a conflict between the two. On the other hand, a subordination of adjective to substantive law should not be effected when such subordination does violence to both the wording and the purpose of the procedural statute construed. It is clear that the majority opinion in no way squares with either the wording or the substance of Article 5002 of the Code of Civil Procedure and this reason alone calls for a dissent therefrom.
The record reveals that after the solitary exception was filed in the record of the proceeding, the plaintiff proceeded to confirm a default judgment in conformity with law. Thereafter, there was a series of actions by counsel and by the trial court which have no basis in law whatsoever and could not result in a viable judgment. It should be noted that the defendant endeavored to prosecute this appeal from the second judgment of the trial court, which attempted without legal authority to reinstate its original judgment. If the judgment appealed from is an absolute nullity and a legal non-entity, it follows as a matter of course that an appeal therefrom is legally impossible. Consequently, the disposition of this case should be a dismissal of the defendant’s appeal in this Court.
Finally, the author cannot agree with the ultimate disposition of the matter by remanding it to the lower court for further proceedings on the defendant’s exception of lack of procedural capacity to be sued. The record reveals that a hearing, whether valid or not, was in fact already held by the lower court. In this hearing, the defendant admitted that the purchases were made for necessities of life, in the nature of household furnishings and similar items. While asserting that he was below the age of majority, he neither produced a birth certificate nor the testimony of his mother, with whom he admitted he was living in the City of New Orleans, and who was obviously able to appear and testify in his behalf to establish his age in the absence of the birth certificate. Furthermore, the trial court afforded him ample opportunity to obtain a copy of his birth certificate and only then did the trial judge endeavor to reinstate his original default judgment. If the theory of the majority opinion is correct, the substance of this hearing is not a legal nonentity, and it is a glaring contradiction to remand the matter to the lower court for the purpose of restating testimony by which the defendant admittedly ac *886 knowledged that the purpose of the loan was for the purchase of necessities. The defendant made these statements under oath in open court, and it is obvious that he cannot now change his testimony without placing himself in jeopardy of committing perjury.
Since the majority has chosen to remand the case to the lower court, it is unlikely that the Supreme Court will grant writs from this opinion because this judgment is not what it deiiominates as “final.” Further, it is likely that once the case reaches the trial court again the matter will be disposed of on an amicable basis and this opinion will stand in the lawbooks without contradiction as quick-sand for the young and inexperienced practitioner who has not yet learned to look beyond the four corners of a judicial opinion to examine the reasoning upon which it is based. Consequently, one of the purposes of this dissent is to serve as a beacon to mark a hidden shoal in the vast ocean of legal authorities to prevent the unwary or inexperienced legal navigator from destroying the keel of his forensic vessel thereon.
For the foregoing reasons, I must file this dissent.

. See Mexic Bros., Inc. v. Sauviac, La.App., 191 So.2d 873 (1966), where the court stated that an exception must be incorporated into the answer under Code of Civil Procedure Article 5002 and went so far as to indicate that the exception thus filed formed a part of the answer. See also Aswell v. United States Fidelity & Guaranty Co., La.App., 244 So.2d 243 (1971) where the court stated that an answer filed after the taking of a judgment is of no consequence and lias no legal effect whatsoever.