WALTER O. WINN et al. *v.* BENNETT S. DICKSON AND H. II. WOMACK, Curator.

| | |
|---|---|
| 15 | 273 |
| e122 | 1044 |
| 122 | 1045 |

To the action of nullity none can be parties, except those who were parties to the judgment sought to be annulled.

Where a party suing to annul a judgment of partition, on the ground of error in the description of the owner of lands, is shown to have suffered no injury, and the execution of the judgment would not be against good conscience, and where it is not shown that there was fraud or ill practice on the part of him who sought such partition—but that the mistake complained of arose from the carelessness of the party suing to annul—*Held* : That such error in description is not a sufficient cause of nullity.

In a petitory action to recover property which has been sold under a judgment of partition, as belonging to the succession of one brother, while in reality it belongs to that of another, the parties plaintiff being the legal heirs to both, will not be held to have warranted the title of the purchaser, when the record does not show that they ever accepted the succession of the first, or did any act of heirship which would make them responsible.

A PPEAL from the District Court of the Parish of DeSoto, *Creswell*, J.

C. *Roselius, Elam & Wimple* and *W. B. Lewis*, for plaintiff and appellant. *T. J. Semmes, Winans* and *John W. Landrum*, for defendant.

BUCHANAN, J. The plaintiffs sue for the nullity of a judgment of partition rendered in the suit of *H. H. Womack, Curator*, v. *Walter O. Winn*, No. 324 of the docket of the Eighteenth District Court for the parish of DeSoto. They also cumulate with this action, in their petition, a petitory action for certain lands purchased by defendant, *Dickson*, at Sheriff's sale, made in execution of the said judgment of partition.

For a proper understanding of the case, it is necessary to state what were the proceedings that led to the judgment sought to be annulled.

On the 17th of January, 1856, the present defendant, *Womack*, curator of the vacant succession of *Basil Q. Rigg*, filed a petition, in which he alleged that the intestate, *Basil Q. Rigg*, in his lifetime, was joint owner with one *Richard Winn*, also now deceased, of certain lands situated on Red River, in the parish of DeSoto ; that *Walter O. Winn* is the only surviving heir and legal representative of the said *Richard Winn ;* that it is necessary to have a partition of said lands ; and that said partition cannot be made in kind, but must be made by sale ; and concluded by praying for the appointment of experts, for an inventory of the lands to be partitioned, for citation to *Walter O. Winn*, and for general relief.

The answer and amended answer of *Walter O. Winn* in said suit, filed in March and in October, 1856, acknowledged the joint ownership of the lands to be in

35

himself and in the succession of *Basil Q. Rigg;* and pleaded various matters of exception and defence.

Upon this issue, the suit was tried ; and judgment was rendered on the 11th of December, 1856, by which it was decreed that a partition of the lands mentioned in the plaintiff's petition be made by sale or licitation ; that a writ of sale issue to the Sheriff of DeSoto, commanding him to cause said lands to be duly advertised and appraised, and to sell the same to the highest bidder for cash, provided said lands bring their appraised value ; and that, if the said lands should sell for cash, to pay to the plaintiff, *Womack,* curator of *Basil Q. Rigg,* one-half of the price, less one-half of the costs of suit, and to the defendant, *Walter O. Winn,* the other half of the price, less one-half the costs of suit. A suspensive appeal from this judgment of partition was granted, on motion of defendant, *Winn,* at the same term of court at which the judgment was rendered, returnable in the Supreme Court at Alexandria, on the 1st Monday of August, 1857. But this appeal was abandoned, no appeal bond being filed. The judgment was accordingly executed by a writ of sale, issued the 29th December, 1856, under which the land was advertised and appraised ; and on the 7th February, 1857, was adjudicated to the defendant in the present suit, *Bennett S. Dickson,* as the last and highest bidder, for cash, for the appraised value of the land, to-wit, ten dollars per acre ; which price was paid by said Dickson to the Sheriff.

The ground of nullity of the judgment of partition, alleged herein, is error in the description of the owner of one-half of the land partitioned, in this, that the said land, instead of being, as alleged in those proceedings, the joint property of *Walter O. Winn* and of the succession of *Basil Q. Rigg,* was in truth and in fact, the joint property of *Walter O. Winn,* and of the succession of *Edward G. Rigg.*

The plaintiffs in the present action are, 1st, *Walter O. Winn,* and 2d, the next of kin and heirs-at-law of *Edward G. Rigg,* deceased.

The defendants are, 1st, *H. H. Womack,* curator of *Basil Q. Rigg,* and 2d, *Bennett S. Dickson.*

The two causes of action herein cumulated, appear not only to be distinct, but to have different parties plaintiff and defendant. And first, of the action of nullity. To this action, none are parties but those who were parties to the judgment sought to be annulled. *Trichel* v. *Bordelon,* 9 Robinson, 191. Those parties are, the plaintiff, *Winn,* and the defendant, *Womack.*

As between those parties, is the error complained of a sufficient legal ground for the nullity of the judgment of partition ?

The Code of Practice, Article 605, declares that the causes for which the action of nullity of a judgment will lie, are two-fold : those which relate to the forms of proceeding, and those which appertain to the merits.

*Winn's* cause of complaint in the present instance has evidently nothing to do with the first of these classes. The Article 607 of the Code of Practice declares what are the grounds of nullity of the second class. It reads as follows :

" A definitive judgment may be annulled in all cases where it appears that it has been obtained by fraud, or other ill practices on the part of the party in whose favor it was rendered; as if he had obtained the same by bribing the Judge or the witnesses, or by producing forged documents, or by denying having received the payment of a sum, the receipt of which the defendant had lost or could not find at the time, but has found since the rendering of the judgment."

The plaintiff, *Winn,* claims to be relieved under this Article ; and his counsel

argues that the particular instances of ill practice specified in the Article are not restrictive of its application, but that they are given merely by way of example and illustration. He quotes, upon this point, the case of *Swain* v. *Sampson*, 6th An. 800, in which the court said, referring to the case of *Tristoe* v. *Norris*, 3d An. 646, " we there held, that to annul a judgment, a case must be exhibited which would make it against good conscience to execute the judgment; matter of which the injured party could not have availed himself in the former litigation, or of which he was prevented, by fraud or accident, of availing himself. The matter must also be such as the party, by the use of reasonable diligence, could not have known; for if there have been *laches* or negligence, that destroys the title to relief."

Tested by the rule thus laid down in the cases of *Norris* v. *Tristoe* and *Swain* v. *Sampson*, we do not find that a cause of nullity has been made out, under the Article of the Code. For, in the first place, there is no fraud or ill practice charged against the plaintiff in the partition suit, defendant herein. It is proved that he opened the succession of *Basil Q. Rigg*, and caused the lands to be inventoried as the property of that succession jointly with *W. O. Winn*, upon information furnished by *Winn* himself, and at the solicitation of *Winn*. Nay more, when the suit was instituted for partition, *Winn*, although opposing the demand, formally and repeatedly admitted in his pleadings that his co-proprietor in these lands was the succession of *Basil Q. Rigg*. Thus, the error of which *Winn* now complains was, in fact, an error originating with himself, and confirmed by his judicial admission.

Secondly, it was not against good conscience for the defendant, *Womack*, to execute the judgment. The notice given on the day of the Sheriff's sale, in the form of a verbal declaration by *Winn's* attorney, that other parties were interested in the land than those mentioned in the pleadings and judgment, could not have the effect of an injunction to stay the Sheriff's sale. *Womack* was not bound to believe that declaration in the face of everything that had occurred in court. On the contrary, *Womack*, who was acting in a representative capacity, was bound to proceed in the accomplishment of his trust as curator, in the execution of the judicial order to sell the property as belonging to the estate which he was administering, in the absence of any counter-order or injunction.

Thirdly. *Winn* suffered no injury by the execution of the judgment of partition. He never pretended, and does not now pretend, to have been the owner of more than one undivided half of the land—precisely the quantity which was sold, as belonging to him. The sale was made strictly in conformity to a decree rendered contradictorily with him, after the legal advertisements upon an appraisement made by an appraiser appointed by himself; and the price was paid to the Sheriff by the purchaser, in gold, according to the requisition of *Winn's* counsel.

Fourthly. The error of which *Winn* now complains, could not have happened, but for gross and unaccountable negligence and laches on the part of *Winn*. The records of the Land Office at Opelousas show that these lands were purchased from the United States by *Richard Winn* and *Edward G. Rigg* jointly. These records were open to the inspection of plaintiff, *Winn*, at all times, as well before and during the progress of the partition suit, as after the judgment rendered in that suit. Before *Womack's* application for letters of curatorship, *Winn* had been requested to give the name of his partner in these lands, and had given the wrong name. His carelessness in not examining the records of the Land Office,

is the only apparent reason for this mistake. He cannot, under the authorities cited by his counsel, make that carelessness a ground of claim to relief against the judgment of partition.

The other branch of this case is a petitory action in which the heirs of *Edward G. Rigg* are to be considered as plaintiffs, and *Bennett S. Dickson* as defendant. At the sale in execution of the judgment of partition, of which we have already spoken, the defendant, *Dickson*, purchased the interest of *W. O. Winn*, who is admitted by his co-plaintiffs to have been the owner of one undivided half of the land claimed. By such purchase *Dickson* is vested with *Winn's* title. The evidence leaves no doubt on our minds that the other undivided half of the land, which was also bought and paid for by *Dickson*, and of which the price (under the judgment in the partition suit,) went to the curator of *Basil Q. Rigg's* succession, in reality belonged to *Edward G. Rigg's* succession, which does not appear to have ever been the subject of administration.

When the plaintiffs, collateral relations of *Edward G. Rigg*, shall have caused themselves to be put in possession of his estate, by judgment of a competent court, they will have their action of partition against the defendant, *Dickson*, in which the questions of the claims for clearing land, &c., raised in these proceedings, may be discussed and decided. We think them premature and out of place in this suit. It is argued by defendants' counsel, that the plaintiffs, who claim as heirs of *Edward G. Rigg*, should be held to warrant the title of *Dickson* under the purchase of this undivided half from the succession of *Basil Q. Rigg*, on the ground that those plaintiffs, standing in precisely the same relationship to *Basil* as to *Edward,* who were brothers, and who both died unmarried, are as much the heirs of the one as of the other.

But to this it seems to be well replied, that the plaintiffs have never (that the record shows) accepted the inheritance of *Basil Q. Rigg*, and have done no act of heirship, which would make them responsible.

The judgment of the District Court is, therefore, amended; and judgment is hereby rendered in favor of defendants against the plaintiff, *Walter O. Winn;* and against the heirs of *Edward G. Rigg*, plaintiffs, as in case of nonsuit; the costs of the lower court to be paid by plaintiffs; and those of appeal, in equal proportions, by the plaintiff and appellant, *Winn*, and by the defendant and appellee, *Dickson*.

Land, J., having been of counsel for defendants, recused himself.

Merrick, C. J., took no part in this decision.