CRIMINAL LAW—APPEAL—BILL OF EXCEPTIONS—RIGHT TO COUNSEL.

1. Where the transcript of appeal in a criminal case contains no formal bill of exception, no assignment of errors, and there is no error patent upon the face of the record, the judgment appealed from will be affirmed.

2. If the defendant in such case has been improperly denied the assistance of counsel in the trial court, the fact should be made to appear by motion for new trial and bill of exception. In the absence of these, and of proof to the contrary, it will be presumed that he was properly represented.

(Syllabus by the Court.)

Appeal from Seventeenth Judicial District Court, Parish of Vermilion; Minos T. Gordy, Jr., Judge.

Dan Bell was convicted of assault with intent to kill, and appeals. Affirmed.

S. P. Watts, for appellant. Walter Guion, Atty. Gen., and J. Nelson Greene, Dist. Atty. (Lewis Guion, of counsel), for the State.

MONROE, J. Defendant, having been convicted of "cutting with a dangerous weapon, with intent to kill and murder," and sentenced to imprisonment at hard labor, has appealed to this court. It appears that, through his counsel, he moved for a new trial on the ground that he was tried under the name of Dan Bell, when, as a matter of fact, his name is Daniel Alfred Bell; that he reserved, but did not write out and cause to be signed, a bill of exception to the overruling of this motion, and that he then, through his counsel, upon the same ground,

filed a motion in arrest of judgment, which was also overruled.

In the brief submitted by his counsel to this court it is said that he was forced to trial without benefit of counsel. The record, however, contains no formal bill of exception, and shows affirmatively that he was represented by counsel when arraigned; that he announced himself ready for trial when his case was called; and that he was represented by counsel in the motions for new trial and in arrest of judgment, as also when called up for sentence, and in the motion for appeal.

If he desired to have the action of the district court in refusing the new trial reviewed, he should have preserved that right by means of a formal bill of exception, signed by the judge. If, at any stage of the proceedings, he was improperly denied the assistance of counsel, that fact should have been made to appear by motion for new trial and bill of exception.

The record does not support the suggestion that he was so denied, and, in the absence of proof to the contrary, it will be presumed that he was properly represented. State v. Ziord, 30 La. Ann. 867.

There being no formal bill of exception in, and no error apparent upon the face of, the record, no relief can be afforded. State v. Powers, 52 La. Ann. 1254, 27 South. 654; State v. Napoleon, 104 La. 164, 28 South. 972; State v. Washington, 104 La. 443, 29 South. 55, 81 Am. St. Rep. 141. The judgment appealed from is accordingly affirmed.

---

(34 South. 722.)

No. 14,535.

HOWARTH v. PORTE.*

(March 16, 1903.)

APPEAL—REVIEW—FINDING OF JURY.

1. This case was one sounding in damages for personal injuries. It presents only a question of fact, as to which the jury found unanimously against the plaintiff.

2. It is only where error is manifest that this Court will set aside the verdict of a jury, in a case involving exclusively a question of fact,

after the same has received the sanction and approval of the trial judge.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by Martha Howarth, wife of Lee Morgan, against Albert Porte. Judgment for defendant. Plaintiff appeals. Affirmed.

Colin McRae Selph and Edwin N. Whitemore (Merrick & Lewis and Philip Gensler, Jr., of counsel), for appellant. William Reed Mills Whitney, for appellee.

BLANCHARD, J. Plaintiff, who is a market gardener living in the suburbs of the City of New Orleans, was in her wagon, with a number of other people, going to view a Carnival procession on Monday night, February 18, 1901.

She lived in the upper part of the City and was going down St. Charles avenue on the evening in question between 6 and 6:30 o'clock. It was then dark.

She claims that while driving along the avenue her wagon was run into by the milk cart of the defendant, driven furiously, with the result that she suffered severe physical injuries and her wagon was damaged.

She sues for $5,000.00 damages, which amount covers compensation for her own injuries, medical attention, damage to wagon and loss of time from her business.

The defense was a general denial and the plea that defendant was not the party who, or whose cart, collided with plaintiff's wagon.

Trial by jury was asked by plaintiff and had. The verdict of the jury was unanimously in favor of the defendant.

The trial Judge, in written reasons assigned for overruling a motion for new trial, declares the verdict of the jury found ample support in the evidence adduced, and that the *alibi* set up by defendant was established beyond a doubt.

From the verdict, and judgment based thereon, plaintiff appeals.

*Ruling*—The case is, undoubtedly, with the defendant.

The *alibi* set up by him is established. The evidence shows that while there was a collision of wagons on the evening in question, resulting in injury to plaintiff and damage to her wagon, it was not the defendant

who was driving the milk cart which collided with her wagon. She was mistaken in her belief that he was the man responsible for the injury done to her.

Some man other than defendant and some cart other than his, ran into the plaintiff's wagon.

The testimony does not make clear who the other man was.

In the darkness of the evening and the excitement incident to the collision, plaintiff, and those of her witnesses who identified defendant as the man, may well have been honestly mistaken.

Defendant swears positively he was not the man, and various witnesses positively testify to his presence elsewhere between six and seven o'clock on the evening in question.

These witnesses were able to fix upon, or identify, the particular evening by reason of the fact that it was the Monday preceding Mardi Gras.

Judgment affirmed.