No. 6146.

## T. O. ADAMS vs. WM. GALLAGHER.

### Syllabus.

When the evidence shows that plaintiff's negligence was the proximate cause of his injury, he cannot recover against the defendant, although defendants servants were guilty of prior negligence.

Appeal from the Civil District Court for the Parish of Orleans, Division "D," No. 102,507. Hon. Porter Parker, Judge.

Teissier and Teissier, for plaintiff and appellant.

J. F. Pierson, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This is a suit for damages for personal injuries. The case was tried by a jury and resulted in a judgment for defendant.

The facts are that the Dugan Piano Company had on hand a large number of empty piano boxes of which they were anxious to get rid; that they made a contract with the defendant to sell to him as many of these boxes as they would take; that in order to deliver the boxes to the defendant the Piano Company put upon the banquet, in front of their store, fifteen of these boxes and entrusted the plaintiff in this case, who was their employee and assistant manager, with the care of delivering them to the defendant; that the defendant sent four wagons to the store of the Piano Company to carry away the boxes; that defendant's drivers and employees loaded twelve of these boxes upon three wagons and carried them away;

that after three boxes had been loaded upon the fourth wagon, there was a small space left on the rear of the wagon of about twelve inches, not altogether sufficient to receive a fourth box, as the boxes measured about twenty-seven inches wide; but nevertheless defendant's drivers, under the direction of plaintiff, proceeded to the rear of the store and procured a fourth box, which they loaded upon this insufficient space in the rear of the wagon; that as a consequence, this fourth box did not sit squarely and safely on the wagon; that the driver of the wagon and his assistant were endeavoring to secure the boxes on the wagons with ropes when the fourth box fell upon the plaintiff and injured his head; the presence of the plaintiff, in the rear of the wagon, is attributed by him to his desire to check and verify the number of boxes, while the defendant charges that he went there to pick up a piece of wood and throw it into the wagon.

In our view it is immaterial which version is correct. Admitting that it was negligence on the part of the defendant driver to have placed this fourth box upon the wagon, plaintiff's participation in that act is evident and admitted by him. He told the drivers where they could get a fourth box, he directed them to the rear of the store to get it, he saw them put it on the wagon, and was as well aware as they were of the instability of the box upon the narrow space in the rear of the wagon. He had been watching the delivery and loading of those boxes from the beginning, as it was his duty to do, and he knew upon what insecure base the fourth box rested. Yet he went near that box voluntarily and unnecessarily and if it fell upon him, he must be held to have courted the danger. **Volenti non fit injuria.** His imprudence was the proximate cause of the danger.

A person cannot recover for an injury to which he has contributed by his own want of ordinary care.

39 A., 796.

There was no necessity for the plaintiff to have gone so near the wagon to count the boxes. He could have done so at a distance at which the falling of a box could not have injured him.

116 La., 475; 124 La., 37-774; 123 La., 565-1029; 118 La., 611-174; 107 La., 463; 114 La., 20-161; 110 La., 970; 112 La., 568; 121 La., 39-557; 125 La., 241; 29 Cyc., 520.

The case of Duke vs. O'Rourke, 133 La., 998, quoted by plaintiff, differs materially from the facts of this case.

However that may be in cases where the evidence is conflicting, the verdict of the jury on questions of fact will not be disturbed unless manifestly erroneous.

124 La., 531; 125 La., 236; 112 La., 863; 52 A., 601; 120 La., 803; 110 La., 650.

The same authority applies to a judgment of the District Court,

112 La., 665; 114 La., 260; 118 La., 954.

The judgment of the District Court was in favor of defendant and it is affirmed.

Judgment affirmed.

Opinion and decree, June 26th, 1914.