**No. 577**

**First Circuit**

———

**YOUNG v. GLYNN**

———

(March 5, 1930. Opinion and Decree.)
(April 14, 1930. Rehearing Refused.)
(June 2, 1930. Writ of Certiorari and Review Granted by Supreme Court.)
(November 3, 1930. Judgment of Court of Appeal Affirmed by Supreme Court.)

———

J. C. McGee, of New Orleans, attorney for plaintiff, appellant.

Taylor, Porter, Loret & Brooks, of Baton Rouge, attorneys for defendant, appellee.

ELLIOTT, J. Joe Young claims to have annulled a judgment rendered May 1, 1928, in the district court, parish of Pointe Coupee, approving an agreement between himself and A. L. Glynn for a lump sum settlement of a claim for compensation which he had at the time against said Glynn.

The record shows that said Young and said Glynn presented to the judge of said court an agreement annexed to a joint petition, alleging in their petition that they had entered into said agreement under the provisions of Act 20 of 1914, and laws amendatory thereof, and prayed that same be affirmed and made the judgment of the court.

Judgment was rendered on their petition as prayed for. The present suit, filed November 27, 1928, has for its object to have said judgment annulled on the ground that the agreement on which it was based was procured from him by fraud and misrepresentation. Plaintiff's demand was refused and he has appealed.

It is not claimed in the present petition that there was error in judgment on the

part of the physician as to the time it would require for his atrophied limb to get well, producing a like error on the part of himself in entering into the agreement, and that if it had not been for their mutual error on the subject he would not have consented thereto, but he attacks the judgment on the ground stated, and no other ground.

The plaintiff's leg was broken between the knee and the hip while in the employment of defendant, and in the course of the work which he was employed to do. He was treated by a physician in the employ of an insurance company, who had insured defendant against loss on account of accidental injuries of the kind to his employees. The break failed to knit at first and it became necessary to perform an operation; after this the broken member knitted all right, but during the long period of time in which the muscles of his leg could not be used they became atrophied to the extent that he could not use his leg. It was supposed, however, that the trouble would yield to treatment.

Plaintiff entered into an agreement with the agent of the insurance company for a lump sum settlement. The agreement was prepared by defendant's attorney and contains the following statement:

"Whereas the said fracture has completely knitted, but the said Jone Young, as a result of the non use of the said member, is now suffering from ankylosis of the ankle and knee and it will be about three months before he is entirely well."

It is this statement that is the ground for the attack on the judgment.

Plaintiff's averment that fraud and misrepresentation was practiced on him is denied by the defendant.

The evidence shows that the physician stated to plaintiff that in his opinion, in about three months the ankylosis would be overcome and he would be entirely well. This opinion of the physician was no doubt the consideration for the agreement on the part of the plaintiff; but we are satisfied that it was not made to the plaintiff for the purpose of defrauding him, nor for the purpose of misrepresenting to him the time required for him to overcome the atrophied condition which had set in. The testimony of the physician satisfies us that such was truly his opinion, and it is possible that if plaintiff had applied himself more intelligently and persistently to the treatment which the doctor prescribed, there would have been more improvement during the three months, than actually took place.

The fact is, however, plaintiff did not recover the use of his limb, and on July 26, 1928, about three months after the agreement had been signed, the same physician wrote a letter to the Red Cross at Baton Rouge, in which he says:

"Please furnish this man, Joe Young, with transportation to Charity Hospital, New Orleans, La., as he is very deserving and needs hospitalization."

The plaintiff obtained the transportation, and was further treated at the Charity Hospital for his atrophied member, and was there also advised what to do in order to overcome the condition which prevented the use of his leg. Of course, if the plaintiff had remained at the hospital and had been required to undergo the treatment which the physicians recommended, it is likely that improvement would have resulted, but to tell this ignorant negro man what to do, and then let him go home to treat himself, was not calculated to lead to much improvement.

The evidence shows that the physician expressed to the attorney who drew up the agreement, the same opinion, in effect,

that he had expressed to Joe Young. And Young himself spoke of the matter to the attorney, giving it as his expectation, based no doubt on what the doctor had told him, that in about three months, counting from the time of the agreement, he would be well.

We are satisfied that the physician was not guilty of the charge made against him, and that the agreement was fully explained to the plaintiff by the attorney who drew it up.

The situation is one of hardship for the plaintiff, but the judgment appealed from appears to be correct.

LECHE, J., not participating.