## GARRETT v. OPELOUSAS COTTON OIL MILL CO., Inc.

### No. 1601.

Court of Appeal of Louisiana. First Circuit.

May 8, 1936.

St. Clair Adams & Son, of New Orleans, for appellant.

W. C. Perrault, of Opelousas, for appellee.

LE BLANC, Judge.

This is a suit, which, as the prayer of the petition shows, has for its purpose the reformation and modification of a judgment of court which had approved a lump sum settlement of a claim for compensation by the plaintiff against the defendant. In paragraph 11 of the petition it is alleged that under the circumstances recited in the preceding articles, the plaintiff is entitled, under section 20 of the Employers' Liability Act, Act No. 20 of 1914, as amended by Act No. 85 of 1926, "to have the judgment heretofore rendered in these proceedings, and hereinbefore referred to, reviewed and modified to conform to the demands contained in this petition." The prayer is for judgment "vacating and setting aside the judgment rendered herein under date of February 17, 1932, in so far as the same discharges said Opelousas Cotton Oil Mill Company, and its insurer, Home Indemnity Company of New York, from liability under said Employers' Liability Act to petitioner, and reforming and modifying the same, so as to condemn said Opelousas Cotton Oil Mill Company, Inc., to pay to petitioner compensation at the rate of Five and 55/100 ($5.55) Dollars per week, for a period of one hundred and fifty (150) weeks, less the sums of Fifty-five and 62/100 ($55.62) Dollars and Forty-nine and 44/100 ($49.44) Dollars, heretofore paid to petitioner, as hereinbefore recited."

The judgment sought to be modified as well as the petition and affidavits in connection therewith are found in the record, and they present the usual form of proceeding carried on under section 17 of the original Employers' Liability Statute, Act No. 20 of 1914, where the parties have agreed to settle all matters of compensation between themselves. As provided for therein, a joint petition of the employer and employee duly verified, was presented to the court, and the court duly approved the same in the form of a judgment as required under the section of the statute, in the following words and figures: "This matter having been submitted to the Court: It is ordered, adjudged and decreed, that the agreement and compromise attached hereto and made part hereof and filed herein fixing the compensation due

by Opelousas Cotton Oil Mill Company, Inc., to George Garrett, at the sum of Forty-nine and 44/100 ($49.44) Dollars be, and the same is hereby approved; said Opelousas Cotton Oil Mill Company, Inc., and the Home Indemnity Company of New York are hereby released from all further liability under the Employers' Liability Act in tort or otherwise."

In the present proceeding, nowhere in his petition does the plaintiff allege that there was any fraud or deception practiced upon him by any one, but, on the contrary, it is averred that he signed the joint petition referred to, in error, and without an understanding of his rights under the law, upon the representation made to him by the adjuster of the insurance company that he was receiving all that he was entitled to under the compensation law for the injury he had sustained, "and that he was also ignorant of the extent of the injury to his hand."

Defendant filed an exception of no cause of action, which was overruled by the district judge, and then under reservation, filed an answer which tendered pretty much the same issue of law as presented under the exception. After trial, judgment was rendered in favor of the plaintiff granting even greater relief than was prayed for. Defendant has appealed.

It is our opinion, after careful consideration of the point involved, that the exception of no cause of action should have been sustained.

■■■ Whilst a judgment approving a lump sum settlement of a claim for compensation, such as was rendered between the parties in this case, can be set aside on grounds of fraud and misrepresentation, or in case the payments made thereunder are discounted at a greater rate than 8 per cent., there is no provision in the compensation statute which authorizes a reformation or modification of such judgment. As already stated, plaintiff has not attacked the judgment in this case on the ground of fraud or misrepresentation, as nowhere has he alleged anything of that nature. He does allege that he signed the joint petition upon a representation of the adjuster of the insurance company that he was receiving all that he was entitled to under the law for the injury he had suffered, but that was not such a representation as to defraud him out of any of his rights, and we do not so construe his allegation. The gist of his complaint is found in the averment that he himself was "ignorant of the extent of the injury to his hand," and whilst such a fact, if he could sustain it by proof, might give rise to an action to modify a judgment of compensation, under section 20 of the compensation statute, it is certainly not sufficient to support a demand for the annulment of a judgment approving a settlement between the parties under section 17 of the act.

■■■ It is to be observed that in section 20 which authorizes the modification of the judgment, the term "judgment of compensation" is used, which we take to mean a judgment in which the issue of compensation has been determined and the rate fixed and payments have to be made in accordance therewith on a weekly basis, and not a judgment which, as the one in this case, approved a settlement agreed upon between the parties and discharged the employee and his insurer from further liability. This is the judgment provided for in section 17 of the act, and which, under the very terms of that same section, is a judgment having the same force and effect, and may be satisfied as other judgments of the same court by which it was rendered. In the case of Sweeney v. Black River Lumber Co., 4 La.App. 244, Second Circuit, it was held that even a "judgment of compensation" as referred to under section 20 could not be modified under that section after the same had been paid, because, after the last payment, the defendant's obligation to the plaintiff, "as fixed by the court, was fully satisfied and at that moment the judgment ceased to exist and became a dead thing." After citing the law in support of its statement that the judgment had been fully extinguished, the court continues: "When the plaintiff went into court on April 27, 1925, and sought to have the old judgment reviewed, that judgment had been dead four months. There was, therefore, nothing for the court to review. It is clear to us that the provision in the Workmen's Compensation Law to the effect that the judgment may be reviewed at any time after one year (now six months under the most recent amendment) means that it may be reviewed during the life of the judgment and not after it has been extinguished by payment."

By the very demand made in the present proceeding, it is apparent that the judgment approving the lump sum settlement had been paid in full because full credit is given for the amount thereof, in the prayer of plaintiff's petition. In the words of the cited decision, it has "ceased to exist and became a dead thing," and there is therefore noth-

ing for the court to review, reform, or modify.

In the case of Young v. Glynn, 171 La. 371, 131 So. 51, 52, which went to the Supreme Court from this court, 14 La.App. 619, 126 So. 559, on a writ of review, it was held that section 20 of the compensation statute relative to the review of judgments "has no application to compromises, for it speaks only of judgment rendered by the court and not of compromises, which are governed by section 17 aforesaid." The compromise settlement in that case had been duly approved by the district judge, whether by a judgment signed by him as in this case, does not appear, but which appearing for a certainty in this case, gives strength to the position of the defendant herein.

We are not unmindful of that provision of the compensation statute (Act No. 20 of 1914, § 18, as amended by Act No. 85 of 1926, § 1) to the effect that the rules of pleading and practice should be relaxed in the trial and consideration of suits arising thereunder, and that the act should be accorded a liberal interpretation in favor of the employee. However, as was said by this court in the very recent case of Wilkie v. Langlois, 164 So. 434, 435, "courts must have some regard for the ordinarily accepted rules of pleading, and reject a petition in any case which does not evidence, in some way, that the plaintiff would be entitled to relief under the administration of evidence in support of the allegations thereof." In the case of Dewey v. Lutcher-Moore Lumber Co., 151 La. 672, 92 So. 273, the Supreme Court made it plain that it was only in cases where the petition fails "technically" to disclose a cause of action that an exception will be overruled. But that where the court is concerned with a matter which strikes at the very foundation of the action itself, in other words, a matter of substance which would result only in the rejection of the demand even though testimony were introduced, the exception will be sustained.

We are of the opinion that we have such a situation before us in this case, and therefore conclude that the suit should have been dismissed in the lower court on the exception of no cause of action.

For the reasons stated, it is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided, set aside, and reversed, and it is now further ordered that there be judgment in favor of the defendant, sustaining the exception of no cause of action and dismissing the plaintiff's suit.