64 So.2d 189

**ROBERTS et al. v. RADALEC, Inc.**

Nos. 40466 and 40329.

Feb. 16, 1953.

Rehearing Denied March 23, 1953.

Bullock & Bullock, Shreveport, for Rada-lec, Inc., defendant-appellant, defendant-appellee.

Tucker, Bronson & Martin and H. M. Holder, Shreveport, for J. I. Roberts et al, plaintiffs-appellees, plaintiffs-appellants.

MOISE, Justice.

This is an action for the return of an alleged over-payment of $3,390, less $818.85 and some small credits, with interest, in connection with two contracts entered into by plaintiffs with defendant for the air-conditioning of the Melrose Tourist Court and Cabins in Shreveport, La.

.Plaintiffs are the owners of the Melrose Tourist Court and Cabins. They contracted with the defendant for the air-conditioning of the cabins and the annexed cafe and bar. The agreed contract price was $3,390, which was to cover two Model GSC 750 7½ ton units, including their installation. After the first unit had been installed, its functioning proved faulty and defective, and, upon trial, the second unit was likewise unsatisfactory and defective. Both units were then removed by the defendant to its premises. Two five-ton Chrysler units were then obtained to replace the GSC 750 7½ ton units. The Chrysler units were installed and their operation proved efficient and acceptable. Plaintiffs paid the defendant the amounts stated in both contracts, with the exception of $818.85. They bring this action to recover the payment on the GSC units of $3390, less the credit of $818.85, and some additional small amounts, plus interest. Plaintiffs later amended their petition praying for $274.97, representing al-

leged wiring adjustment costs for the installation of the two five-ton Chrysler units.

The defendants filed exceptions of vagueness and of no right or cause of action, and reconvened for $818.85, with interest, for the alleged balance due under the contract, and for $1,954.22 for material and labor furnished in installing the units. Defendant also called the manufacturer in warranty, and asked for a writ of attachment.

To defendant's reconventional demand, plaintiffs filed an exception of vagueness and also an exception of no right or cause of action to the call in warranty.

The trial court sustained plaintiffs' exception of no right of action to the call in warranty, and dissolved the writ of attachment filed by defendant against the manufacturer. Defendant appealed and this appeal is still pending under No. 40329 of the docket of this Court.

On the main demand, defendant was granted a trial by jury. A verdict was returned in favor of plaintiffs for $2,909.44, and, in favor of defendant, on the reconventional demand, for $1,490.26. A remittitur of $63.32 was entered by the plaintiffs. Defendant was cast to pay the cost of the main demand, and plaintiffs, the cost on the reconventional demand.

Plaintiffs and defendant both perfected suspensive appeals from the portions of the judgment which operated against them. Plaintiffs only complaint is as to the cost assessed against them.

The contracts herein involved not only called for the purchase of air-conditioning units, but, in addition thereto, provided that these units were to be installed. These were not contracts that purported transfers, for the reason that the units were to be permanently installed and tested before acceptance. There was no acceptance, and, after trial operation they proved a failure. The GSC units were removed by the defendant from plaintiffs' premises with the complete acquiescence of defendant. American Creosote Works v. Boland Machine & Mfg. Co., 213 La. 834, 35 So.2d 749. It is unequivocal, therefore, that the original contracts for the GSC Units were mutually rescinded. This fact is established by the testimony of defendant's President, Mr. Herman L. Meyer.

Under our law, a contract legally entered into has the force and effect of law between the parties thereto, and such contracts may be abrogated or revoked by the mutual consent of the parties. Articles 1901, 1945 and 1930, LSA–Civil Code; Noto v. Blasco, La.App., 198 So. 429; Scudder v. Howe, 44 La.Ann. 1103, 11 So. 824; Tharpe v. Tracy, La.App., 40 So.2d 509; and Banks v. Associated Indemnity Corp., 5 Cir., 161 F.2d 305.

Applying the law to the facts, it is clear under the Articles of the LSA–Civil Code that there could be no redhibition in this case. As pointed out by plaintiffs' counsel to allow a personal call in

warranty under Article 379 of the Code of Practice, there must be an obligation either expressly contracted or expressly imposed by law to pay the debt due by another to a third person. Here, no such obligation has been expressly imposed upon the manufacturer by contract or by statute. Muntz v. Algiers & G. Ry. Co., 114 La. 437, 38 So. 410; Bank of Baton Rouge v. Hendrix, 194 La. 478, 193 So. 713; Shannon v. Mass. Bonding & Ins. Co., D.C., 62 F.Supp. 532.

The award of the jury on the reconventional demand appears to have been predicated on sufficient testimony. The trial judge concurred in the finding of the members of the jury as to the amount awarded, the credibility of the witnesses and the weight and sufficiency of the evidence.

In Breen v. Walters, 150 La. 578, 91 So. 50, 51, a suit relating to a trial by jury, the court said:

"The trial judge gave his sanction to their verdict, after hearing the witnesses in the case, which necessarily adds weight to the presumption of its correctness."

In Rickerson v. Town of Minden, 127 La. 407, 53 So. 667, it was declared that the members of the jury have an exceptional opportunity to form a just estimate and their verdict is of great weight.

The plaintiffs' main demand is alleged and proved with reasonable certainty. This is the exaction of the law.

Where error is manifest on a question of fact, the verdict of the jury will be set aside. Here the verdict of the jury has the sanction and approval of the trial court. Howarth v. Porte, 110 La. 650, 34 So. 722; Nixon v. New Orleans Ry. & Light Co., 121 La. 447, 46 So. 568; Moore v. Blanchard, 216 La. 253, 43 So.2d 599; and Muscarelli v. Hodge Fence & Lumber Company, 120 La. 335, 45 So. 268.

The law is clear on the plaintiffs' assessment of cost.

"All appellate courts may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be deemed equitable." Act No. 229, 1910; LSA–R.S. 13:4444.

"In every case the costs shall be paid by the party cast, except where compensation has been allowed, or real tenders made, as heretofore provided by this Code." Art. 549, C.P.

"Where there is a reconventional demand and both parties are cast, each should pay the costs of the other." Hunter Canal Co. v. Robertson's Heirs, 113 La. 833, 37 So. 771, 773.

See also, Noel Estate v. Dickson & Denny, 212 La. 313, 31 So. 810, 173 A.L.R. 423.

Thomas Reed Powel said, that a court does what it prefers to do when it prefers to do as nearly as possible what it has done before. We have "done before" exactly what the trial judge did in this instance as to the assessment of cost.

For the reasons assigned the judgment appealed from is affirmed; each litigant to bear its own cost of this appeal.

On Rehearing.

PER CURIAM.

In an application for a rehearing, counsel for defendant direct our attention to two errors in our original opinion, (1) that we stated that the original contract was for $3390, which included the price of the two model GSC 750 7½ ton units and their installation when, as a matter of fact, the agreed contract price was $6703.25 and (2) that we stated that the appeal in case No. 40,329 of the docket of this court is still pending.

Counsel are correct in their observations. Our original opinion should read that the agreed contract price was $6703.25 and it was also inadvertently stated that the appeal involving the call in warranty was still pending on the docket when, by virtue of consolidation and submission, that appeal was disposed of in the opinion. However, these inadvertences do not in any way detract from the correctness of the decision.

The application for rehearing is denied.