LOTTINGER, Judge.
This is a suit for damages ex delicto in the amount of $50,000, for personal injuries sustained by petitioner while working on a plant which was being erected for the defendant, Columbian Carbon Company. At the time of the accident, petitioner was in the employ of Horace B. Rickey, Inc., a contractor for the defendant. The Lower Court rendered judgment in favor of de *286 fendant and dismissed the petitioner’s action. The petitioner has taken this appeal.
The record shows that on May 3, 1954 a contract was entered into by and between Horace B. Rickey, Inc., as contractor, and Columbian Carbon Company, as owner, for the construction of various structures and installations at Carbon Black Plant No. 95 at North Bend, St. Mary Parish, Louisiana. Among the installations to be constructed by the contractor was an elevator with a height of some fifty odd feet. The petitioner, Eugene O’Brien, was employed by the contractor as a steel worker, and, on October 11, 1954, while petitioner was working on the top of the elevator, the elevator fell to the ground causing serious injuries to the petitioner.
The petitioner has been paid compensation insurance by the compensation insurer of the contractor, American Motorists Insurance Company, and the said Insurance Company has intervened in this proceeding asking for reimbursement of the compensation paid.
The petitioner has filed this suit against the owner, Columbian Carbon Company, for personal damages in the amount of $50,000. lie bases his demand upon the fact that the said defendant was negligent, and that said negligence was a direct cause of the accident. The defendant filed exceptions of no cause or right of action, based upon the premise that the only remedy of the petitioner against the defendant would be by way of workmen’s compensation, which was overruled and the right given to defendant to again raise the issues on trial. Defendant then filed answer re-urging the same defense and, furthermore, claimed that it was guilty of no negligence in the premises, and, that if negligence were found on its part, that the petitioner was guilty' of contributory negligence. As stated above the compensation insurer of the contractor has filed an intervention.
The Lower Court found that the only remedy by petitioner against the defendant would be by way of workmen’s compensation, said finding being based on LSA-R.S. 23:1061. Under said finding, the tort action of the petitioner was dismissed at petitioner’s cost. Petitioner has taken this appeal. Section 1061 of Title 23 of the Louisiana Revised Statutes of 1950 provides as follows:
“§ 1061. Principal contractors; liability.
“Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
“Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of ac< tion therefor.”
The evidence indicates that on several occasions the defendant company had constructed its own carbon black plants, as well as its own elevators. Mr. W. L. Car- *287 bray, who was construction engineer for the Columbian Carbon Company at the time of the accident as well as for some time prior thereto, testified that “ * * * Co-lumbian Carbon Company is in the business, has been in the business, of designing, constructing, operating, maintaining carbon black plants, compressor stations, pipelines, gas distribution systems, gasoline plants. * * * ” He testified that the company does not have its own construction work laborers on its permanent payroll. When the company does undertake to perform its own construction work it hires local labor, and, in some cases uses the maintenance and repair people at the plant, and who are regularly employed. Mr. Car-bray testified that the defendant had a plant at Eola, Louisiana, and that the major portion of the construction of said plant was performed by defendant with their own employees. The only portion of said plant which was not constructed by the defendant was certain specialized work, such as the erection of cooling equipment, installation and refractory work and the drilling of a water well. The record shows that the greater majority of construction work at the defendant’s plants located at Seagraves, Texas, Conroe, Texas, and at Fortune, Texas, was similarly performed by the defendant using its own employees. The only plants at which a majority of the construction work was contracted out was for the plants located at North Bend, Louisiana, where the accident happened, and Hickock, Kansas. Mr. B. J. Chenevert, who had been employed as an assistant project engineer for Columbian Carbon Company at the time of the accident, testified that while so employed he was the engineer in charge of installation and supervision of the work which is being installed, and any construction project that might be undertaken. At the time of trial, Mr. Chenevert was employed as superintendent of streets, water and sewerage for the Town of Bunkie, Louisiana. Mr. Chen-evert testified that while he was employed by Columbian Carbon Company he erected approximately twelve or thirteen elevators for Columbian Carbon Company, which elevators were similar to the one which caused the injuries to petitioner. The record certainly discloses that the great majority of the construction work on the plants of the defendant was performed by the defendant with its own labor force. In Leslie v. Cities Service Refining Corporation, 5 Cir., 252 F.2d 902, the Court was presented with an accident sustained by petitioner while working for Born Construction Company. At the time of the accident, petitioner was working on a 90-foot stack which was being constructed for Cities Service at its large refinery located at Lake Charles, Louisiana. The Court found that Cities Service Company in its extensive operations incident to the construction, operation and maintenance of its refinery had itself performed similar rigging and construction work on its stacks and other equipment at the cost of some 5 million dollars without the intervention of independent contractors. Although the stack which caused the injury to the petitioner was being constructed by Born Construction Company, an independent contractor, and although the petitioner was employed by the independent contractor, the Court held that the construction was a part of the trade, business or occupation of the defendant and that, under the provisions of LSA-R.S. 23:1061, the only remedy of petitioner would be for workmen’s compensation.
In Fontenot v. Stanolind Oil and Gas Company, D.C., 144 F.Supp. 818, affirmed 5 Cir., 243 F.2d 574, the petitioner sued in tort for injuries received while working on emulsion heater treaters which were owned by Stanolind Oil and Gas Company. At the time of the accident, petitioner was employed by B. Lewis Contractors, Inc., an independent contractor who had been called in to perform the work for the defendant. The Court found that the heater treaters had been periodically served by Stanolind employees or by outside contractors. As the defendant did not have any employees available to do the necessary repair on the *288 treater in question, the contractor was called in and was requested to furnish five men to do the job. In the field where the accident occurred, there were four emulsion heater treaters which were used to separate oil from water by means of heating. The Court held that the repair and maintenance of the heater treaters were an integral part of the work of the defendant and held that the provisions of LSA-R.S. 23:1061 did apply. In that case, quoting from Isthiman S. S. Company v. Olivieri, 5 Cir., 202 F.2d 492, the Court said [144 F.Supp. 824]:
“The decisive factors are the nature of the employee’s work and of the principal’s trade, business, or occupation. Unless the work is of such a special or separate character as would not ordinarily or appropriately be performed by the principal employer’s own employees in the prosecution of its business or an essential part thereof, it is a part of the principal’s trade, business or occupation.”
Now the record in the instant suit discloses that the defendant had on several occasions constructed its own carbon black plants either in whole or in part, and that it had constructed some twelve or thirteen elevators of a similar nature to the one which occasioned petitioner’s injury. It certainly appears to this Court that the construction of its own carbon black plants was an integral part of the business of the defendant.
In Wynn v. Fidelity & Casualty Company of New York, La.App., 85 So.2d 315, the petitioner was working for W. T. Skains, in the removal of a partition wall in a building belonging to Southern Building Supply Company. Petitioner was injured while in the performance of said work. At the time of the accident, Southern Building Supply Company was engaged in selling building materials and supplies and in the operation of a lumber yard. It also participated in contracts involving the repair and remodelling of houses, although said work was done exclusively through independent contractors. The Court held that Southern Building Supply Company was engaged in a hazardous business and that petitioner was injured while engaged in work which was essentially consistent with the type of business conducted by it. The Court awarded judgment in favor of petitioner and against the compensation insurer of Southern Building Supply Company. Although the said case was not in tort, as is the present case, the Court in effect did hold that the provisions of LSA-R.S. 23:1061 would apply and that the petitioner, although working for an independent contractor at the time of the accident, was engaged in duties which were essentially consistent with the type of business of the principal, Southern Building Supply Company.
A similar finding was had by the Court in Speed v. Page, 222 La. 529, 62 So.2d 824, 827. In that case, the defendant Page was in the business of owning and operating a motion picture theater. Damage to the theater was occasioned by a fire and defendant undertook to demolish the building and erect a new theater. The petitioner was employed directly by the defendant as a laborer to help in the demolition work. Petitioner was injured while so employed and filed suit in workmen’s compensation, and the defense to said suit was based upon the premises that the defendant’s business was the operation of a motion picture theater and not the business of construction or demolition. The Court, in that case, was not concerned with LSA-R.S. 23:1061, however, the Court did say:
“The opinion of the majority of the Court below, in construing the pertinent portion of the Compensation Act, LSA-R.S. 23:1035, providing that the Act shall apply ‘to every person performing services arising out of and incidental to his employment in the course of his employer’s trade, business, or occupation’ in hazardous *289 businesses, declared that the statute does not purport to restrict the right of an employee’s recovery to those instances in which the injury is sustained in the performance of the regular course of the employer’s business, trade or occupation. ‘Quite to the contrary,’ observed the author of the opinion, ‘it is our conception of the statute that it is intended to protect the right of an employee when he is engaged in an employment with reference to, in connection with, incident to or in promotion of the employer’s trade, business or occupation.’ ”
Plaintiff has cited several cases to substantiate his position and relies heavily upon the case of Horrell v. Gulf & Valley Cotton Oil Co., 15 La.App. 603, 131 So. 709, 712. In this case, it appears that the deceased, at the time of the accident, was employed by his father, and he was engaged in assisting in the setting up of brick work and construction of one of the furnaces of the factory; that this work was being done under contract between his father, as contractor, and the defendant as principal; that while decedent was engaged in said work, a tank, nearby, exploded and caused the injury. The Court found “that the particular kind of brickwork which was being done required specialists, and that the regular employees of defendant did not engage in that kind of special work,” and that the case did not fall under Section 6 of the Act because as stated by the Court, “The record convinces us that the work which Horrell had undertaken was such special work, and no part of the trade, business, or occupation of the principal, and that thus section 6 of the Act has no application * * * ” and permitted plaintiff to recover under tort. The cited case is certainly distinguishable from the case at bar, considering the facts hereinabove related.
The record in this suit discloses that the defendant had on several occasions constructed its own carbon black plants. It is admitted that the construction and/or the operation of such plants is a hazardous occupation within the meaning of the Louisiana Workmen’s Compensation Act. Although the accident in question occurred while the elevator was being erected under a contract, the record discloses that similar construction work had been performed by the defendant, and it is our opinion that said work constituted an integral part of the defendant’s operations such as is intended by the provisions of LSA-R.S. 23: 1061. Under the provisions of said Act, the only remedy of the petitioner against the defendant would be in workmen’s compensation. This tort action was properly dismissed by the Lower Court.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.