136 So.2d 693 (1961)
Richard J. BROOKS, Plaintiff-Appellee,
v.
GRIGGS CASING CREWS, INC. et al., Defendants-Appellees,
Arrow Drilling Company, Third Party-Appellant.
No. 9619.
Court of Appeal of Louisiana, Second Circuit.
December 27, 1961.
Rehearing Denied January 31, 1962.
*694 Blanchard, Goldstein, Walker & O'Quinn, Shreveport, Wm. F. M. Meadors, Homer, for Arrow Drilling Co., third party-appellant.
Jones, Brian & Jones, Marshall, Tex., Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for Richard J. Brooks, plaintiff-appellee.
Mayer & Smith, Shreveport, for Griggs Casing Crews, Inc., and Bituminous Cas. Corp., defendants-appellees
Before HARDY, GLADNEY and AYRES, JJ.
AYRES, Judge.
The object of this action is the rescission or annulment of an agreement, or contract, of lump-sum settlement entered into by plaintiff, an injured employee, with his employer, Griggs Casing Crews, Inc., and its workmen's compensation insurer as approved by the court of the employee's residence pursuant to the provisions of the Louisiana workmen's compensation statute, LSA-R.S. 23:1274. The basis for the rescission or annulment is mutual error and mistake as to the employee's rights on the part of the parties to the settlement.
This proceeding was instituted through a joint petition of all the parties to the contract sought to be rescinded or avoided. Whatever evidence adduced on the hearing or trial of the matter was not reduced to writing and filed in the record. However, the judgment reflects that the court, after considering the evidence offered in support of the demands, concluded that the aforesaid agreement of settlement was entered into through error and mistake, not only as to the parties thereto but on the part of the court as well. Hence, the entire proceedings, including the court's approval of the settlement, were held and decreed null and void ab initio.
From the aforesaid judgment, a third party thereto, the Arrow Drilling Company, by petition and citation, suspensively appealed to this court. All the parties to the aforesaid settlement and proceedings seeking its annulment were made appellees. They have moved for a dismissal of the appeal.
The appellant, Arrow Drilling Company, contends that it has an interest in the original contract of settlement entered into by appellees in that, as the principal of Brooks' employer, it has been released from all demands and actions to which the employee was entitled because of accidental injuries received in the course and scope of his employment with Griggs Casing Crews, Inc. Further, it was contended, for the aforesaid *695 reasons, that it was a necessary and indispensable party to the proceedings seeking the annulment of the aforesaid lumpsum settlement of compensation. The appeal in reality questions the sufficiency of the petition in stating a cause of action for the annulment of the court-approved settlement, and raises an issue of nonjoinder of necessary parties to the proceeding.
The motion to dismiss the appeal is predicated upon the position.
(1) that the appellant has no adequate interest to support an appeal and
(2) that the Industrial Accident Board, an administration agency of the State of Texas, charged with the administration of claims coming with the provisions of the workmen's compensation statute of that State, has assumed jurisdiction of the employee's compensation claim and has made an award therein, which award is alleged to be final and to have acquired the force and effect of res judicata, and, moreover, has been paid and satisfied.
Prerequisite to a discussion of the several questions presented is an understanding of the material and pertinent facts. For this purpose, a brief statement may be made.
Prior to the date Brooks sustained accidental injuries for which he sought workmen's compensation in this cause, appellant, Arrow Drilling Company, had undertaken, under contract with the Tidewater Oil Company, to drill an oil well in the State of Texas, which undertaking included the running and setting of the casing in said well. When the well had been drilled to a desired depth, appellant entered into a contract in the State of Louisiana with Griggs Casing Crews, Inc., whereby the latter agreed to, and did undertake to, execute and perform a part of the work undertaken by appellant, that is, the running and setting of the casing in the well. Plaintiff, a resident of Louisiana, employed therein by Griggs Casing Crews, Inc., was sent by his employer to the State of Texas to assist in the performance of the work contemplated in the contract with appellant. While performing this work, plaintiff sustained accidental injuries resulting in disabilities constituting the subject matter of the lump-sum settlement.
Appropriate is an inquiry as to the nature of the mutual error, mistake, or misunderstanding under which the parties labored and proceeded to make a settlement of compensation. Under the aforesaid facts, plaintiff may have sought compensation under the statutes of either Texas or Louisiana. Once it has been established that the contract of employment was entered into in Louisiana, a Louisiana court which has jurisdiction, ratione personae, of the litigants will give the Louisiana compensation statute extra territorial effect to cover injuries received in another state or in a foreign country. Bradford Electric Light Co. v. Clapper, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026, 82 A.L.R. 696; Alaska Packers Ass'n v. Industrial Accident Comm., 294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044; Ohlhausen v. Sternberg Dredging Co., 218 La. 677, 50 So.2d 803; Hargis v. McWilliams Co., 9 La.App. 108, 119 So. 88; Festervand v. Laster, 15 La.App. 159, 130 So. 634; Selser v. Bragmans Bluff Lumber Co, La.App. Orleans, 1933, 146 So. 690; McKane v. New Amsterdam Casualty Co., La.App. Orleans, 1940, 199 So. 175 (writs denied).
There could be, of course, no question as to the applicability of the Texas compensation statute to accidental injuries sustained in that State even though the contract of employment was entered into elsewhere.
The statutes of both states provide that an injured employee, in addition to the compensation benefits afforded him, may maintain an action in tort against third party tort-feasors. The policy of both states in that regard is the same. The policies are in harmony and there is no clash. The Texas statute is, however, more inclusive *696 and comprehensive as to those subject to tort liability than is the statute of the State of Louisiana. For instance, the exclusive remedy of employees of a contractor against a principal under the Louisiana workmen's compensation statute is for compensation and, as the principal is not considered a third person under the statute, there is no right of action in tort against him. LSA-R.S. 23:1061; Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852; Benoit v. Hunt Tool Co., 219 La. 380, 53 So.2d 137; Stansbury v. Magnolia Petroleum Company, La.App. 1st Cir., 1957, 91 So.2d 917; Maryland Casualty Co. v. Gulf Refining Co., La.App. 1st Cir., 1957, 95 2d 734; O'Brien v. Columbian Carbon Company, La.App. 1st Cir., 1959, 109 So. 2d 285; Gant v. Jackson Brewing Company, La.App. Orleans, 1959, 112 So. 2d 767.
On the other hand, the employees of a contractor may proceed against the principal in tort for accidental injuries under the laws of the State of Texas. Employers Casualty Co. v. Howard P. Foley Co., 5 Cir., 158 F.2d 363; Standard Oil Co. of Texas v. Swinney, 5 Cir., 201 F.2d 133; Harbour v. Graham Mfg. Co., Tex.Civ. App., 47 S.W.2d 700.
Thus, it is seen that Brooks, the injured employee in the instant case, had, under the laws and jurisprudence of Texas, a right of action in tort against the principal, which right he did not have under the Louisiana statute. The basis for the annulment of the settlement is that appellees were not informed of such rights and, in making settlement, there was no intention to relinquish or to release such rights. The error or misunderstanding was a mistake as to the very existence of legal rights. Such a mistake is sufficient to warrant the nullification of a judgment.
In McCastle v. Architectural Stone Co., La.App. 1st Cir., 1941, 4 So.2d 120, plaintiff settled his compensation claim against his immediate employer, a subcontractor. He was advised by the latter's counsel, who was found to be acting in good faith, that he had valuable rights against the principal contractor in tort. This advice was, of course, erroneous. Plaintiff, however, settled his claim against the subcontractor and, upon later learning he had no rights in tort against the principal contractor, sought to have the compromise settlement set aside. It was held that, where one was in error as to the existence of his legal rights, such a mistake partook both of the nature of an error of law and an error of fact. Such an error was held sufficient to annul the compromise settlement.
Moreover, a mistake as to the existence of legal rights or remedies is a mistake of fact, particularly where the pertinent law is that of another state. Sampson v. Mudge, C.C., 13 F. 260; Haven v. Foster, 9 Pick. 112, 26 Mass. 112, 19 Am. Dec. 353; Walker v. Walker, 138 Tenn. 679, 200 S.W. 825; Farrell v. Third Nat. Bank in Nashville, 20 Tenn.App. 540, 101 S.W.2d 158.
Where the error relates solely and simply to a mistake of law as to relief sought, nullification of a judgment predicated upon such mistake will be recognized. Philippine Sugar Estates Development Co. v. Government of Philippine Islands, 247 U.S. 385, 38 S.Ct. 513, 62 L.Ed. 1177; In re Smith-Flynn Commission Co., 8 Cir., 292 F. 465.
This principle has been applied by the courts of Louisiana which have granted relief notwithstanding that the error was one merely of law, particularly in instances where the error was mutual. Hello World Broadcasting Corp. v. International Broadcasting Corp., 186 La. 589, 173 So. 115, 119; Reynaud v. Bullock, 195 La. 86, 196 So. 29; Southwest Gas Producing Co.' v. Hattie Brothers, 230 La. 339, 88 So.2d 649; Wilson v. Levy, 234 La. 719, 101 So.2d 214.
Appellant, however, contends there is no power or authority in a trial court to revise *697 or set aside a judgment after it has been signed, except where one of the methods provided by law is followed. In this connection, it is pointed out that, although the compensation statute (LSA-R.S. 23:1274) provides for the entering of a judgment of compensation pursuant to a lump-sum settlement agreed upon by the parties, there is no provision therein for the setting aside of such a judgment, whether the object be to rectify previous errors or mistakes or arises from any other motive. The only authority under the statute for a modification or a change in a judgment of compensation pursuant to an agreement of the parties is said to be contained in LSA-R.S. 23:1331, which, it is contended, has been interpreted not to apply to a judgment of compensation sanctioning a lump-sum settlement. Garrett v. Opelousas Cotton Oil Mill Co., La.App. 1st Cir., 1936, 167 So. 854. The court recognized, however, that such a judgment may be set aside for fraud, misrepresentation, or for the discounting of payments at a greater rate than eight percent per annum.
Appellant further contends there is no legal authority for the procedure followed in the lower court in setting aside the judgment approving the lump-sum settlement. In this regard, appellant would emphasize that a revision or reversal of a final judgment could only be effected by
(1) a new trial (LSA-C.C.P. Arts. 1971-1979),
(2) an action of nullity (LSA-C.C.P. Arts. 2001-2006),
(3) an amendment to correct errors of calculation or phraseology (LSA-C.C.P. Art. 1951), or
(4) by an appeal (LSA-C.C.P. Arts. 2081-2167).
As heretofore stated, mutual mistake and error constitute sufficient grounds, under the general law, for annulling and setting aside a judgment. Moreover, LSA-C.C.P. Art. 2004 provides:
"A final judgment obtained by fraud or ill practices may be annulled. * *"
This article, without substantive change, is taken from C.P. Arts. 607 and 613. The remedy afforded by this article is not restrictive, the provisions of which have been extended to the annulment of judgments in all cases where justice and equity so demanded. For instance, in the Succession of Gilmore, 157 La. 130, 102 So. 94, 95, the annulment of a judgment probating a will was concerned. There, the petitioner had labored under a misunderstanding based on legal advice given him by his brother who was a lawyer. After quoting C.P. Art. 607, the Supreme Court stated:
"It is true that said petition does not charge `fraud' or the ill practices specifically enumerated in the article of the Code of Practice above cited. The remedy given by said article to annul judgments, however, is not restrictive. The courts of this state will not hesitate to afford relief against judgments, irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscientious and inequitable. Our courts will follow the general principles of equity jurisprudence applied by the equity courts of the other states of this country in actions of this character. Lazarus v. McGuirk, 42 La. Ann. [194] 200, 8 So. 253; City of New Orleans v. Le Bourgeois, 50 La. Ann. [591] 592, 23 So. 542." (Emphasis supplied.)
In Hanson v. Haynes, La.App. 2d Cir., 1936, 170 So. 257, this court held that the several examples of fraud and ill practice set forth in C.P. Art. 607 were in no sense *698 exclusive nor restrictive, but were merely illustrative
As regards the rescission of agreements, the jurisprudence is in accord with the statutory law. While "Agreements legally entered into have the effect of laws on those who have formed them," such agreements may be revoked "* * * by mutual consent of the parties, or for causes acknowledged by law." LSA-C.C. Arts. 1901, 1945, and 2130. Thus, contracts may be modified, abrogated, or revoked by mutual consent of the parties thereto. Banks v. Associated Indemnity Corporation, 5 Cir., 161 F.2d 305; Scudder v. Howe, 44 La.Ann. 1103, 11 So. 824; Roberts v. Radalec, Inc., 222 La. 831, 64 So.2d 189; Esso Standard Oil Company v. Welsh, 235 La. 593, 105 So.2d 233; Noto v. Blasco, La.App. 1st Cir., 1940, 198 So. 429; Tharpe v. Tracy, La.App. 2d Cir., 1949, 40 So.2d 509.
Therefore, the conclusion is inevitable that the parties to the aforesaid lump-sum settlement, under the aforesaid codal provisions, and the authority of the adjudicated cases, had the right to rescind or revoke their contract of settlement, particularly in view of their assertion of mutual error. It must be conceded, however, that the parties had such right, by mutual agreement, without having or assigning any particular reason therefor. Accordingly the petition of these parties discloses a cause of action for a revocation of their agreement and the judgment approving the same.
Thus, the conclusion is that the parties had a right to pursue the same process and procedure to revoke their agreement as they followed in securing its approval.
We find no merit in the contention that appellant was a necessary and indispensable party to the agreement of the parties, nor to the proceeding revoking or annulling the contract of lump-sum settlement theretofore entered into. LSA-C.C. Art. 1945 provides, in part, that
"Legal agreements having the effects of law upon the parties, none but the parties can abrogate or modify them. * * *" (Emphasis supplied.)
Thus, if not by expressed authority, the implication is clear that generally only the parties to an agreement are necessary to its abrogation. To this effect is the holding in Winn v. Dickson, 15 La.Ann. 273, 274, wherein it is stated:
"* * * And first, of the action of nullity. To this action, none are parties but those who were parties to the judgment sought to be annulled. Trichel v. Bordelon, 9 Robinson, 191. * * *."
In the Trichel case, the court expressed the opinion that the articles of the Code of Practice, concerning actions of nullity (C. P. Arts. 604 and 613), confined such actions to the parties to the judgment and to the court in which the judgment was rendered. See, also, Vincent v. Bullock, 192 La. 1, 187 So. 35, 39.
For the aforesaid reasons and for the additional reasons as will be assigned in giving consideration to appellant's interest, vel non, in the agreement or judgment sought to be rescinded or revoked, we find that appellant was not a necessary party in this present proceeding and, hence, there was not a nonjoinder of necessary parties defendants.
Having concluded that the parties to an agreement of lump-sum settlement in a compensation matter may, for good cause, such as a mutual error or misunderstanding, rescind or revoke such an agreement and that they are the only necessary parties to an action for the revocation or annulment of an order or judgment approving such settlement, we may now consider appellant's interest, if any, that would support its appeal from the judgment approving the revocation of the original agreement of settlement and annulling the judgment approving the same.
*699 Appellant's interest could only arise from a stipulation in the agreement of settlement made for its benefit. The facts and actions of the parties belie any intention on their part to make such a stipulation or that their agreement has such effect. In any event, there has been no showing that appellant signified its assent to accept the benefits of the settlement prior to the revocation of the agreement and prior to the date of the judgment annulling the former judgment. Appropriate are the provisions of LSA-C. C. Art. 1902. There, it is stated:
"But a contract, in which anything is stipulated for the benefit of a third person, who has signified his assent to accept it, can not be revoked as to the advantage stipulated in his favor without his consent." (Emphasis supplied.)
Appellant is without interest in this appeal for the further reason that the period within which compensation might have been sought has expired and any claim now advanced by the employee in Louisiana would be amenable to a plea of prescription. Finally, too, the record reflects that a final award of compensation has been made in Texas and that such award has been paid.
Incidentally, it may be also pointed out that, for lack of interest, appellant has no right to complain of the appellees' rights to revoke or rescind their former agreement as to the settlement, nor as to the form or manner of procedure by which such revocation was accomplished. Nevertheless, because of the importance of the matters to the parties concerned, we have been induced to point out at some length the reasons upon which we predicate our conclusion that, although the judgment is correct, the appellant is without interest sufficient to support an appeal.
Hence, the appeal is dismissed at appellant's cost.
Appeal dismissed.